[Civ. No. 3413. Second Appellate District, Division One.—March 3, 1921.]

URBAN ALGUIRE et al., Respondents, v. RIVERSIDE SHEET METAL WORKS (a Corporation), Appellant.

[1] CONTRACTS—INSTALLATION OF HEATING SYSTEM—BREACH OF WARRANTY—FINDINGS.—In an action for damages for the breach of a warranty, where the answer of the defendant admits the terms of the warranty, as pleaded by the plaintiffs, but denies the breach thereof and alleges that it duly performed all the conditions of the contract on its part to be performed, and as to this issue the court makes a finding adverse to the defendant and gives the plaintiffs judgment, such finding, under the rule that findings should be construed most favorably in support of the judgment, is sufficient in form and substance.

[2] ID.—BREACH OF WARRANTY—BURDEN OF PROOF—MEASURE OF DAMAGES—EVIDENCE.—Where the warranty in such an action was as

to the fitness of a heating system for the purpose of producing and distributing a sufficient amount of heat for the rooms in plaintiffs' building, the burden is upon the plaintiffs not only to show a breach of the contract, but the difference in the value of the heating system for the particular purpose for which it was intended and its actual value at the time when it was delivered to them, and this can be done only by evidence of facts and figures from which the amount of damage can be determined.

[3] ID.—VALUE OF HEATING SYSTEM—MEASURE OF DAMAGES.—If the heating system as installed was of less value to plaintiffs than the amount which they agreed to pay, then the difference in its value as a heating system and what it would have been had it complied with the warranty would constitute plaintiffs' damage, but if it was of no value for the purpose contemplated, then the difference between the amount paid therefor and the actual value of the different articles which entered into its construction and retained by plaintiffs would constitute their damage.

APPEAL from a judgment of the Superior Court of Riverside County. Pat R. Parker, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Thomas T. Porteous for Appellant.

Raymond Best for Respondents.

SHAW, J.—Defendant appeals from a judgment entered in favor of plaintiffs in an action to recover damages for the breach of a warranty.

As appears from the complaint, defendant for an agreed price of $576 performed the labor and remodeled a heating system in plaintiff's rooming-house, in connection with which it furnished and installed a furnace, oil-burner, oil tank, grills, coils, and necessary connections, and guaranteed that the system as installed and completed would "produce sufficient heat for all the rooms at present connected with the old system and to deliver heat to these rooms with the exception of any above the first floor that may have an obstruction in the air pipe or a faulty installation."

[1] Plaintiffs alleged facts showing a breach of the warranty in that, while they had operated the heating system "in accordance with the direction of defendant, it did not produce sufficient heat for all the rooms at the time of

the purchase aforesaid connected with the old system and it did not deliver heat to those rooms, with the exception of any above the first floor that may have an obstruction in the air-pipe or a faulty installation.'' Admitting the terms of the warranty, defendant denied the breach thereof and alleged that it duly performed all the conditions of the contract on its part to be performed. As to this issue, the court made an adverse finding to defendant. Appellant attacks this finding, claiming that it is not responsive to the issue. The rule of law is well settled that findings should be construed most favorably in support of the judgment, and so construed we deem it sufficient in form and substance.

It is also contended that the evidence is insufficient to support the finding in that the system as installed was connected with a coal furnace theretofore used by plaintiffs, and appellant claims that the guaranty contemplated and was based upon the use of the coal furnace in connection with the oil furnace so installed by it. Conceding this to be true, there is evidence tending to prove that the coal furnace was so used as an auxiliary to the oil furnace without any appreciable result in the production and distribution of heat to the rooms.

It appears that plaintiffs paid defendant the sum of $351 and made and delivered their promissory note in the sum of $225 covering the balance of the contract price, no part of which was paid. In addition to its answer, defendant filed what it designates a cross-complaint for recovery upon the promissory note so executed by plaintiffs.

Upon these facts, and having found there was a breach of the warranty, the court found ''that the furnace and all equipment furnished by the defendant to plaintiffs herein under the terms of the said contract were at the time of delivery to plaintiffs of the value of $265 and no more,'' and ''that said articles would have been of the value of $576 if they had answered the warranty in the said contract contained,'' thus fixing plaintiffs' damage at $311 less the amount of $225 specified in the promissory note; and as a conclusion of law found that plaintiffs were entitled to recover judgment for $86.

[2] The law as to damages which may be recovered in a case of this kind is declared in the Civil Code as follows: ''The detriment caused by the breach of a warranty of the

quality of personal property is deemed to be the excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time." (Sec. 3313.) "The detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose, is deemed to be that which is defined by the last section, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose." (Sec. 3314.) The warranty in question was as to the fitness of the heating system for the purpose of producing and distributing a sufficient amount of heat for the rooms in plaintiffs' building, and under the above sections of the code the burden was upon plaintiffs not only to show a breach of the contract, but the difference in the value of the heating system for the particular purpose for which it was intended and its actual value at the time when delivered to them (*Scurich* v. *Ryan,* 14 Cal. App. 750, [113 Pac. 123]; 30 Am. & Eng. Ency. of Law, p. 231), and this can be done only by evidence of facts and figures from which the amount of damage can be determined. As alleged in the complaint, the furnace, burner, tank, grills, coils, and necessary connections were at the time of delivery to plaintiffs of the value of only $50. This allegation was denied, and the only evidence which the record discloses as having been produced in support of the allegation was the testimony of William Copley, who testified that the value of the castings of the furnace was $90, and that the oil-burner installed therewith was of the value of $125, making a total of $215 for these two articles. He further stated "there were a great many things connected with the furnace besides the mere castings; that the furnace did not constitute half the labor or anything, or half the price of the job; that there was a brick-set furnace which cost a lot of money, and a hot-air coil in the furnace." In addition to this testimony, it is alleged in the complaint that, other than the furnace and oil-burner, defendant furnished and installed an oil-tank, grills, coils, and necessary connections, title to all of which was adjudged to plaintiffs, and as to the character or value of which not a scintilla of evidence was offered. Moreover, the court was left entirely to conjecture as to what constituted the "necessary connections"

mentioned in the complaint. [3] If the heating system as installed was of less value to plaintiffs than the amount which they agreed to pay, then the difference in its value as a heating system and what it would have been had it complied with the warranty would constitute plaintiffs' damage. If, on the other hand, it was of no value whatever for the purpose contemplated, then the difference between $576 paid therefor and the actual value of the different articles which entered into its construction and retained by plaintiffs, would constitute their damage. While in fixing the actual value of the articles the court, in addition to the $215 fixed by Copley as the value of the furnace and burner, charged plaintiffs with the further sum of $50, there is no evidence upon which to base such a charge. If intended to cover the value of "the oil-tank, grills, coils, and necessary connections," as to which no evidence was offered, the finding must be deemed based upon the merest conjecture and not upon proof of facts, without which the damage could not be estimated.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.