UNITED GAS CORPORATION V. JOHN C. CRAWFORD.

No. 8088. Decided June 23, 1943.
(172 S. W., 2d Series, 297.)

*M. M. Feagin,* of Livingston, *Baker, Botts, Andrews & Wharton* and *Albert P. Jones,* all of Houston, for petitioner.

It was error for the trial court to hold and for the Court of Civil Appeals to affirm its holding that petitioner was not entitled to judgment notwithstanding the verdict because the evidence showed as a matter of law that respondent was not entitled to recover. Panhandle & S. F. Ry. Co. v. Sledge, 45 S. W. (2d) 1112; Howell v. Ft. Worth Stockyards Co. 108 Fed (2d) 593; McMahan v. Texas & N. O. R. R. Co., 138 Texas 626, 161 S. W. (2d) 70.

*Campbell & Foreman,* of Livingston, for respondent

The judgment for plaintiff, being supported by the findings of the jury and the evidence, was proper. Gulf, C. & S. F. Ry. Co. v. Gasscamp, 69 Texas 545, 7 S. W. 227; Gulf Production Co. v. Adams, 49 S. W. (2d) 889; 30 Tex. Jur. 830.

MR. JUSTICE SHARP delivered the opinion of the Court.

The controlling question in this case is whether plaintiff, John C. Crawford, was guilty of contributory negligence as a matter of law. Plaintiff sued the United Gas Corporation for personal injuries sustained by him when he fell into a hole, excavated by petitioner, in Sherman Street in the City of Livingston. Based upon findings of the jury, the trial court rendered judgment in favor of Crawford for the sum of $2,375.00. The Court of Civil Appeals affirmed the judgment of the trial court by an opinion not published. This Court granted a writ of error on the point that petitioner's motion for an instructed verdict should have been granted by the trial court.

Petitioner is a public utility corporation, and has for some years been engaged in the distribution of natural gas in the City of Livingston. The City decided to lower the grade of some of its streets, making it necessary for petitioner to lower its gas pipe lines located on those streets, one of which was Sherman Street. Respondent was employed by the City. In connection with its work of lowering its pipe lines, petitioner caused a hole to be excavated in Sherman Street near its intersection with Houston Avenue. This hole was about six feet square and five feet deep. There was a pipe line in it elevated about eighteen or twenty inches above the bottom of the hole. Respondent was standing in the street near the edge of the hole, shoveling dirt from the street onto the sidewalk, when a small portion of the edge of the hole gave way or caved in, causing him to lose his balance, fall into the hole, strike the gas pipe line, and break two of his ribs. He alleged that the injury was caused by the

negligence of petitioner in failing to brace the walls of the hole to prevent its caving, in failing to put any boards or other substantial substance around the edge of the hole to prevent its caving in, and in failing to brace the hole in such manner as to protect the respondent and other employees of the City who had to work adjacent to the hole.

The jury found that the petitioner was negligent in failing to brace the walls of the hole and in failing to place boards or other substantial substance around the edge of the hole to prevent its caving in, and that such negligence was the proximate cause of respondent's injuries. It also found that the injuries were not the result of an unavoidable accident, and that Crawford was not guilty of placing his foot near enough to the edge of the hole for it to cave in under his foot.

Respondent was the only witness to testify in the case. He testified that he was employed by the City to work on its streets lowering the grade, and had been doing that work for about two months before he was hurt; that he had worked on Sherman Street near the hole in question before the Saturday on which he sustained his injuries; that he had not been there Friday, the day before the accident, but had been there on the preceding Wednesday and Thursday; that he saw the hole several days before Saturday, and knew it was there, and knew there was a pipe line across the hole eighteen or twenty inches from the bottom; that the hole was in plain view to any one who was present and willing to use his eyes; that on Saturday morning he went to work about eight o'clock, and had been on the job approximately an hour before he was hurt; that the work was being done in broad daylight; that the street was wet, because of a rain the night before, and he knew that the rain would soften the dirt, and that, since there was not any kind of a fence around the hole or any boards or any warning, it was a dangerous place for the employees of the City who were working around it; that as he stood near the edge of the hole, shoveling dirt off the street, the bank or edge of the hole caved in or sloughed off, causing him to lose his balance and fall into the hole; that he would not say how far he was standing from the edge, but "was far enough away from it"; that he did not step into the hole; that the bank caved in because the four walls inside the hole were not walled up and because there were no boards or supports around the edge to keep the bank or sides from caving in; that there was nothing concealed about the hole, and it was out there in plain, open view, and that he had seen it for several days before he fell; and that he knew

the hole was not guarded or braced. He testified that he did not know how much of the bank gave way under his foot; that he would not say, but imagined it was about as "long as a foot." He also stated that he received workmen's compensation insurance, and that his doctor's bill was paid by the insurer.

It clearly appears that respondent's injuries were caused by his own act in getting too near the edge of the excavation with full knowledge of all the surrounding circumstances. This is not a case involving a hidden or unusual condition. Respondent had known for several days piror to the accident that the hole was there, and that it was not guarded or protected. He had worked around it for an hour on the morning he was hurt. He knew that it had rained the night before, and that the rain would tend to soften the ground and as a result the bank of the excavation might cave in. Although he was fully aware of this condition and realized the danger, he nevertheless continued to work near the edge of the hole without protest. Assuming that the petitioner was negligent in leaving the hole in the condition as alleged, it is undisputed that respondent was familiar with its condition, and continued to work near its edge. Therefore the evidence presents no issue of fact for determination. It is quite clear that respondent was guilty of contributory negligence as a matter of law, and is not entitled to recover. Jones v. Beck, 109 S. W. (2d) 787 (writ refused) ; Beeville Cotton Oil Co. v. Sells, 84 S. W. (2d) 575; Davis v. Phillips Petroleum Corporation, 72 S. W. (2d) 673; Magnolia Petroleum Co. v. Winkler, 40 S. W. (2d) 831; Boltinghouse v. Thompson, 12 S. W. (2d) 253; Shawyer v. American Ry. Express Co., 236 S. W. 800; Schawe v. Leydenbecker, 269 S. W. 864,

The judgments of the trial court and Court of Civil Appeals are both reversed, and judgment is here rendered for petitioner.

Opinion delivered June 23, 1943.