**Otto J. WAGNER et ux., Appellants,**

**v.**

**LONE STAR GAS COMPANY, Appellee.**

No. 7324.

Court of Civil Appeals of Texas.

Texarkana.

May 2, 1961.

Rehearing Denied May 30, 1961.

C. A. Mattay, Albert. B. Morris, Dallas, for appellants.

David M. Kendall, Jr., Thompson, Knight, Wright & Simmons, Dallas, for appellee.

CHADICK, Chief Justice.

This is a tort action in which an invitee was injured on premises controlled by a gas company. The judgment is affirmed.

Mrs. Irene Wagner, wife of Otto J. Wagner, was Program Chairman for the Ladies Auxiliary of the United Spanish War Veterans, and at about ten o'clock in the morning of March 24, 1958, arranged with the Lone Star Gas Company's representative for her organization to have a luncheon meeting that day in the company's auditorium.

Mrs. Wagner had a degree of familiarity with the premises resulting from visits to the auditorium several times a year over a period of six or seven years preceding the date of the luncheon. These visits had acquainted her with the general condition of the auditorium's floor, according to her testimony, and she had noticed that it was highly polished, but not unusually slick. From about 10:00 A.M. in the morning of the meeting she remained in the auditorium, the kitchen, and other adjacent facilities, decorating tables and making preliminary arrangements for food service and entertainment of the organization's guests, until she was injured at about 1:30 P.M.

Upon entering the auditorium she went to the piano, located in a corner to her left near the stage from her point of entrance, in a place where there was very little traffic, and placed atop the piano some material to be used in the entertainment of guests. She testified that at no time had she noticed anything unusual about the floor, she saw no foreign substance on the floor, and that it looked no different to her in the vicinity of the piano than it did elsewhere, or had on the several other occasions she was present in the auditorium. After the luncheon was completed she went to the piano and picked up the material she had

placed there, turned and took two steps, slipped and fell.

With reference to her movements just prior to her fall and knowledge of the floor condition, Mrs. Wagner's counsel propounded the following questions, and she answered as indicated:

"Q. I am talking about now how you started out to walk? Did you start out in a hurry? A. Oh, well—

"Q. Or how? A. No, I just took two steps, just normal steps, just like, very cautiously and normal.

"Q. Just normal speed? A. That is right.

"Q. Now state whether or not as you fell on this floor, you felt with your foot its condition with reference to whether or not it was especially slick? A. Yes, it was slick.

\*  \*  \*  \*  \*  \*

"Q. Now can you compare this portion of the floor where you slipped with any other slick surface you have ever stood or walked on and tell us how it compared? A. Well, it was just as slick as if I was walking on ice.

"Q. I beg your pardon? A. Just as slick as ice.

\*  \*  \*  \*  \*  \*

"Q. Now, did that spot look especially dangerous or slick? A. No, it looked like any other spot; it did not look dangerous.

"Q. Now, during all of the time you have been going up there, Mrs. Wagner, prior to the fall, did you notice the floor being excessively slick?

A. No. (Then the witness continued as next set out.)

\*  \*  \*  \*  \*  \*

"A. It was a highly glossed floor, and a beautiful floor, and I knew it was highly polished and all, and going up there many times, I was very careful the way I walked. I didn't think there was any danger of slipping, or anything like that, if I was careful; it didn't look like it would be slick for me to fall, I was always careful."

Otto J. Wagner and wife sued the Lone Star Gas Company for damages resulting from the injuries Mrs. Wagner received when she slipped and fell. Only the pleadings of the parties that joined issue and were supported by proof will be mentioned. As primary negligence the plaintiffs plead the auditorium floor was excessively slick as the result of the use of an improper solvent in cleaning the floor when it was rewaxed twenty-four days before the date of injury. The gas company plead [1] that it was guilty of no act or omission which proximately caused the injury received by Mrs. Wagner. This case must be considered from the standpoint of the duty of the owner of the premises to the invitee.

The question this record presents is whether or not, giving consideration to all of the evidence adduced at the trial, the use of an improper substance in cleaning the auditorium floor, thereby causing it to be excessively slick, would constitute a breach of the duty the gas company as landlord owed Mrs. Wagner, an invitee, in its auditorium. The question must be determined from the evidence, and as the trial judge directed a verdict for the gas company, the evidence must be considered

---

1. Voluntarily encountering the risk (volenti non fit injuria) was not plead as a defense to the allegation of primary negligence mentioned. Such defense was interposed to another allegation of negligence which is not discussed because the plaintiffs failed to produce evidence to support it. However, it has been authoritatively stated in Robert E. McKee General Contractor, Inc., v. Patterson, 153 Tex. 517, 271 S.W.2d 391, that in practice liability of a landowner for injuries suffered by an invitee as the result of open and obvious dangers on the land and the defense of voluntarily encountering a risk so completely overlap as to be almost indistinguishable.

in the aspect most favorable to Mrs. Wagner's case.

■ The gas company's duty [2] to Mrs. Wagner was to exercise ordinary care to have and keep the auditorium floor in a reasonably safe condition, and to warn Mrs. Wagner of any danger, known or imputable to it that might arise from the use she might rightfully make of it while an invitee in the auditorium unless Mrs. Wagner knew, or knowledge is imputable to her, of the particular condition and she appreciated or should have appreciated its danger.

■ For the purpose of this case it may be said that Lone Star's liability is dependent upon actual or imputed knowledge that the condition of the auditorium floor was dangerous, and the absence of actual or imputed knowledge of such condition by Mrs. Wagner, though the obligation of each party to know and appreciate the danger is not always the same. As an example, the owner is required to make a reasonable inspection but no such duty burdens the invitee. See case cited in Footnote 2.

■ To make a submissible case, the burden was on Mrs. Wagner to tender evidence raising an issue that the gas company had knowledge, actual or imputed, of the existence of the excessively slick floor, appreciated its danger, and failed to warn her of such condition, and as an invitee she did not have knowledge, actual or imputed, of the floor's condition, and that she did not, and under the circumstances should not have, appreciated its danger.

■ On the phase of the issue concerned with the gas company's conduct the evidence raises a fact issue of negligence, perhaps establishes negligence as a matter of law, in the use of an improper cleaner causing excessive floor slickness, and that the danger created was known and appreciated, or should have been known and appreciated by it. Though such issues were raised or found, the gas company's liability is not established because consideration of the evidence on the second phase of the issue makes it appear as a matter of law that the condition of the floor was open and obvious, and Mrs. Wagner observed and knew its condition. Her observation of the floor during the time she spent in the auditorium gave her knowledge of its danger equal to any warning the company might have given. Her decision that she could walk on the floor by being careful imputed to her an appreciation of the danger involved, and shows she voluntarily encountered it. See Robert E. McKee General Contractor, Inc., v. Patterson, supra; Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Marshall v. San Jacinto Building, Inc., Tex.Civ.App., 67 S.W.2d 372, w/r; A. C. Burton Co., Inc., v. Stasny et al., Tex.Civ.App., 223 S.W.2d 310; and United Gas Corporation v. Crawford, 141 Tex. 332, 172 S.W.2d 297. It must be held that a submissible fact issue on the whole question of the gas company's negligence was not made by the evidence, nor was negligence proved as a matter of law.

After thorough consideration of all points of error they are overruled, and judgment of the trial court affirmed.

2. A more generalized statement in language capable of reflecting all of the light cast upon the duty and liability rule by the numerous authoritative cases does not appear to be necessary in reaching a decision on this appeal. For a general statement of the rule, and comparatively recent cases that have been influential in molding present concepts of a landowner's duty and liability for injuries incurred by invitees on his premises, see generally the title "Negligence" 2 Restatement of the Law of Torts, Sec. 342 and 343; 38 Amer.Juris. Sec. 97; 65 C.J.S. Negligence §§ 5, 208, 270; Sinclair Refining Company v. Winder, Tex.Civ. App., 340 S.W.2d 503 w/r; Robert E. McKee General Contractor, Inc., v. Patterson, 153 Tex. 517, 271 S.W.2d 391, and cases cited in headnotes 2, 4, and 5 therein, as published in the Southwestern Reporter.