**WESTERN AUTO SUPPLY COMPANY, Appellant,**

v.

**J. E. CAMPBELL, Appellee.**

No. 16419.

Court of Civil Appeals of Texas.

Fort Worth.

April 19, 1963.

Rehearing Denied May 17, 1963.

Cantey, Hanger, Johnson, Scarborough & Gooch, David O. Belew, Jr., and Sloan B. Blair, Fort Worth, for appellant.

Crumley & Hooper, R. E. Rouer and Frank E. Crumley, Fort Worth, for appellee.

MASSEY, Chief Justice.

The appeal is by the defendant from a judgment in favor of plaintiff for damages growing out of personal injuries sustained as the result of his having slipped on a floor of a retail store at a time when there was water or other foreign substance thereon. J. E. Campbell was the plaintiff. Western Auto Supply Company was the defendant. We will so term the parties in this opinion.

We affirm the judgment of the trial court.

The most material question posed on the appeal is defendant's contention of the applicability of the doctrine *volenti non fit injuria*—voluntary encountering of risk— as result of which injury was sustained. The defendant plead that the condition of the floor of its premises on and by reason whereof plaintiff slipped and fell was open and obvious (to him). The jury found to the contrary, and that the condition was not open and obvious. We have examined the whole record and have concluded that if the issue was in fact raised, propriety of the answer thereto was clearly within the discretion of the jury. Its negative answer was therefore conclusive.

The defendant also plead as follows: " * * * this defendant would show that plaintiff by walking on said floors after he had been warned, assumed the risk of possibly falling and the defendant here and now invokes the doctrine of volenti non fit injuria, which in law means, he who consents can receive no injury." In respect to the matter of "warning", defendant had also plead that plaintiff was guilty of negligence amounting to a proximate cause or contributing cause of his injuries in that he failed to heed the warning of the store salesman about the condition of the floor on which he slipped.

In consequence of defendant's dual form of pleading, i. e., that plaintiff was contributorily negligent, and also that he had voluntarily encountered the risk as result of which his injuries were sustained, defendant afforded itself the opportunity of defeating plaintiff's claim under the doctrine of *volenti non fit injuria* even in the event it failed to persuade the jury to convict plaintiff of contributory negligence. Restatement of the Law, Torts, p. 499,

"Justification or Excuse", § 893, "Voluntary Exposure to Risk as a Defense", comment (d), "Consequences of distinction between voluntary assumption of risk and contributory negligence". In order to be entitled to take advantage of said defense so plead, however, the defendant was obliged to raise the requisite issues thereon for the jury's determination, or to make a record which would entitle it to a judgment as a matter of law because said requisite issues would be properly resolved against the plaintiff as a matter of law. Such was held in the case of McKee, General Contractor v. Patterson, 1954, 153 Tex. 517, 271 S.W. 2d 391.

There were four special issues submitted to the jury upon the matter of defendant's alternative defenses so pleaded. Special Issue 5 inquired whether defendant's salesman warned plaintiff of the condition of the floors. The jury's answer thereto was "Yes", that the salesman had warned the plaintiff. Special Issue 6 inquired whether plaintiff failed to heed said warning. The jury's answer thereto was "Yes", that plaintiff had so failed. Special Issue 7 inquired whether said failure on the part of plaintiff was negligence. The jury's answer thereto was "No", thus refusing to find that the failure of plaintiff amounted to "negligence" as defined by the court's charge. Special Issue 8 was an inquiry about whether any negligence found in answer to Special Issue 7 was a proximate cause of plaintiff's injury and was not answered since the condition did not arise requiring the jury to make any finding. From the aforesaid questions and answers it is apparent that the jury acquitted the plaintiff of contributory negligence in the respect charged.

 It is the contention of the defendant that in view of the record as a whole, coupled with the affirmative answers, the jury did find in response to Special Issues 5 and 6 that a complete defense to plaintiff's cause of action was established as a matter of law, whereby judgment should have been entered for the defendant. We do not agree. The state of the record and the evidence therein did not raise the doctrine of *volenti non fit injuria* as a defense. Defendant was not even entitled to have issues submitted to the jury, favorable answers to which would have established its defense under the doctrine. An essential element of such defense lies in proof that the plaintiff against whom it is invoked *"appreciated"*, or should have, the dangers inherent in the hazard "voluntarily encountered". Such must be established as a matter of law or at least raised as a question of fact. There is no proof whatever in the record which bears upon any "appreciation of danger" on the part of plaintiff. True, testimony from the salesman of the defendant who warned the plaintiff of the slippery condition of the floor established that he "appreciated" the danger of a floor in such condition, but that is not evidence that the plaintiff did likewise, or should have. See McKee, General Contractor v. Patterson, supra, and authorities cited in the opinion. See also the whole of the previously cited section (893) of the Restatement of the Law, Torts; and Personal Injury Litigation in Texas (State Bar of Texas), Ch. 10, pp. 517–522, §§ 10.7–10.11, inclusive, dealing with the *volenti* doctrine.

In plaintiff's pleadings his contention of negligence on the part of the defendant was asserted on the ground that the latter knowingly and negligently permitted a "foreign substance" or "wet slippery substance" to be and remain on its floor; and that as the result thereof plaintiff's injuries proximately resulted. During the course of the trial the defendant's evidence was to the effect that it was a film of undiluted water that was on the floor. The plaintiff did not know what it was, but testified that it "felt like" liquid soap, obviously referring to the sensation experienced when his foot slipped. Shortly after the event and before the plaintiff had arrived at his home after visiting the place of the event, the manager of plaintiff's store (in full charge of all operations thereat) returned to the

store where he was informed of the occurrence by employees, and telephoned plaintiff's home and talked with his wife. He told plaintiff's wife that the employees at the store had informed him that plaintiff had slipped on some wax. The fact that he had made such statement to plaintiff's wife was denied by the store manager.

In the submission of plaintiff's case to the jury the court submitted as Special Issue 1A, the following: "Do you find from a preponderance of the evidence that the defendant, Western Auto Supply Company, permitted a portion of the floor in question to be wet, or covered with a foreign substance at the time and on the occasion in question?" The jury answered in the affirmative, or "Yes", and likewise to the conditionally submitted issues accompanying, the result of which was that said act or omission on the part of the defendant was negligence and a proximate cause of personal injuries sustained by plaintiff.

To the submission of each of said issues the defendant filed objections, a portion of which raised the contention that the issue was duplicitous "in that the Court asks if the floor was 'wet', or if there was a 'foreign substance'." The objection went further and contended that there was no evidence that there was a "foreign substance" on defendant's floor, and that the evidence was insufficient to support the issue.

█ The complaint is brought forward by a point of error, reading in part, "because Special Issue No. 1–A, * * * is duplicitous in that it inquired whether the floor was wet *or covered with a foreign substance,* thereby requiring the jury to answer 'Yes' or 'No' to alternative inquiries submitted disjunctively." There is no doubt of the meaning and intent of the point and the error asserted is apparent and will be treated as properly raised and preserved.

Nevertheless we overrule the point of error. In the first place we believe that the alleged statement made by the store manager of defendant over the telephone to the plaintiff's wife constituted an admission against the defendant's interest and evidence which would entitle the jury to find that it was wax on which plaintiff slipped. Likewise, we believe that common usage and custom in mopping tile floors, coupled with plaintiff's testimony that it "felt like" liquid soap on which he slipped, would entitle the jury to conclude that some soap was used in the mopping of the floor despite the direct testimony that only clear water was used. In the second place we are of the opinion that under the circumstances of the case the inquiry should be treated and considered as one inquiring about a single act (or omission) of negligence, not of duplicitous or multifarious acts (or omissions), at least in so far as the defendant was concerned, to-wit: whether it permitted the portion of its floor to be in such condition that a person walking thereon might find his footing so insecure that a fall might be occasioned thereby. Thirdly, the departure from the provisions of Texas Rules Civil Procedure 277, "Special Issues", if the manner of submission was a departure therefrom, was harmless error not requiring reversal in view of T.R.C.P. 434, "If Judgment Reversed", in that it would be the plaintiff and not the defendant who would have cause for complaint because the issue and its companion issues were not among those on which the defendant relied and the only possible injury from the manner of submission would have been to prejudice the plaintiff in depriving him of all the theories under which he sought to impose liability upon the defendant. Speer, Law of Special Issues, p. 241, "Form and Construction of Issues", § 184, "Grouping issues". Finally, since the defendant has conceded that the floor was wet (with clear water), while denying the presence of any foreign substance, one or the other of the conditions or facts inquired about necessarily existed, having been conceded, and the court was authorized by T.R.C.P. 277, "Special Issues", to submit the same in a single issue in the disjunctive form adopted.

**402**

■ The defendant has presented two points of error complaining of the $23,000.-00 in damages awarded plaintiff, for and on account of his personal injuries, on the ground that there was no evidence or in the alternative insufficient evidence to support the jury's finding of the same, and the judgment entered thereon, and furthermore because the finding of the jury was excessive and so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. We have reviewed the evidence in light of the contentions and have concluded that there was evidence which was sufficient to support the amount of damages found, that the findings were not against the greater weight of the evidence, and that the judgment for damages entered was not excessive.

Judgment is affirmed.