**Dominick LONDOW, Appellant,**

**v.**

**John Adam BERGERON et al., Appellees.**

**No. 6718.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 6, 1966.

Rehearing Denied Jan. 26, 1966.

Fuller & Fuller, Port Arthur, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellees.

HIGHTOWER, Chief Justice.

This is an intersection collision case in which the plaintiff's wife was killed. The parties are referred to here as they were in the trial court or by name. The accident occurred at the intersection of Thomas Boulevard and DeQueen Boulevard in Port Arthur, Texas. It involved an automobile being driven by the deceased and a truck being driven by the defendant Bergeron. Trial was to a jury. It was stipulated that defendant Bergeron, at the time of the accident, was acting in the course and scope of his employment for the defendant, Little Brownie Bakery Company, Inc. It was further stipulated that the accident and injuries received therein were the proximate cause of the death of the deceased. In answer to Special Issue No. 1 the jury found that Bergeron failed to yield the right-of-way to the deceased; No. 2: that such failure to yield the right-of-way was not negligence. The causation issue (No. 3) was not answered. Issue No. 2 was conditioned on an affirmative answer to No. 1 and Issue No. 3 was conditioned on an affirmative answer to No. 2. There were no other findings of negligence on the part of either party. The trial court overruled the plaintiff's motion for judgment non obstante veredicto and granted defendants' motion for judgment on the verdict decreeing that plaintiff take nothing by his suit against said defendants.

Plaintiff has filed eight points of error, the first seven of which are grouped and briefed together. We treat them accordingly. Basically, as stated in plaintiff's brief, these first seven points of error present two propositions:

"(1) That the Jury having found that the defendant, Bergeron, was guilty of failure to yield the right of way, it therefore necessarily follows as a matter of law that such failure was negligence and a proximate cause of the collision in question, and that therefore, the plaintiff is entitled to recover judgment in the amount found by the Jury.

(2) Alternatively, that if the plaintiff is not entitled to recover judgment for such sum, that the answer of the Jury to Special Issue No. 2 is without support in the evidence and is contrary to the great weight and preponderance of

the evidence, and therefore should be set aside, and a new trial ordered."

Thomas Boulevard and DeQueen Boulevard are each divided by an esplanade. Both streets are approximately the same width and are wide enough to accommodate two vehicles on each side of the esplanade, though the street are not divided by lines. DeQueen runs north and south and Thomas runs east and west. In the trial of the case, the south side of Thomas was referred to as the "first section" of said Boulevard, and the north side was referred to as the "second section". They will be so designated here. The following sketch of the intersection, which does not purport to be according to scale, is taken from defendants' brief for clarity.

There are stop signs located at the intersection requiring traffic on DeQueen to stop, and there are no such stop signs controlling traffic on Thomas. Immediately prior to the accident in question, the plaintiff's wife was driving a Pontiac automobile in a westerly direction on the second section of Thomas and Bergeron was driving in a northerly direction on DeQueen. The parties are not in dispute as to whether or not Bergeron *should* have yielded the right-of-way. He took the position that he was properly stopped at the time the collision occurred. Plaintiff took the position that, based on the undisputed evidence with regard to the paths of the vehicles and the damage done to the vehicles, that he could not have been stopped at the time, but that, on the contrary, he drove his vehicle into the vehicle of the deceased in violation of Art. 6701D, § 73(a) and/or § 73(b), Vernon's Ann.Civ.St.

The only two eye witnesses to the accident were Bergeron and one J. W. Goodridge. In connection with plaintiff's first two basic propositions for reversal, as hereinabove first set out, we refer to the testimony of these witnesses and the physical facts surrounding the accident. Bergeron's testimony unequivocally established that he stopped his truck at the stop sign prior to entering the first section of Thomas Boulevard. He then entered the intersection and stopped in the esplanade portion of the Boulevard so that his bumper was even with an imaginary line connecting the esplanade at the second section of Thomas Boulevard. His vehicle, which never entered the second section of Thomas Boulevard, was stopped at the time of the accident. He testified that while his truck was stopped he saw the plaintiff's wife approaching him only ten feet from his truck. In this short distance the plaintiff's wife came directly toward defendants' truck and the left side of plaintiff's vehicle struck the bumper of defendants' truck; plaintiff's wife lacked only six or eight inches missing defendants' truck.

Witness Goodridge testified that at the time of the accident, defendants' truck was stopped. Further:

"Q. From that experience, Mr. Goodridge, considering the paths of these vehicles, this one going West and this one headed in this direction (indicating). And assuming this to be a fact, that there was no damage on the front of the Pontiac, that the damage began at the front door, no damage to the front fender, would you not conclude, sir, based upon your experience and all, that this vehicle would have had to have moved into the side of the Pontiac. Can you explain to me how this vehicle could strike the parked car with the side of the vehicle and not with the front?

A. Yes.

Q. Tell me about that, sir, if you will.

A. On Thomas Boulevard on the left hand side there is a little rise, if you get on that little rise you try to pull your car to see something in front of you. And when you try to pull over just a little bit, that will swing the car itself sideways."

Defendants' theory of the lawsuit is further supported by the following testimony of Bergeron:

"Q. During the time which was relatively short, if you didn't see her until she was ten feet away, during the time you did see her, did her car continue in a straight path?

A. Did it continue in a straight path?

Q. Yes, in a straight path.

A. Well, it went as far as it could.

*    *    *    *    *    *

Q. I understand after the impact it did something else, but I am talking about between the time you first saw her down ten feet away to the time it came in contact with your vehicle, in that short period of time, was it going straight, in a straight path?

A. It wasn't going with the intention of missing the truck.

*    *    *    *    *    *

Q. And when you first saw her vehicle, was it driving in the lane closest to the esplanade?

A. Closes in—Yes, sir. It was on its—

Q. On the inside?

A. Yes, because if it had been driving in a normal way it would have been over that line.

*    *    *    *    *    *

Q. What I'm pointing out, you probably realized the better and more proper thing was to leave it (Defendants' truck) where it was at (at the time of the impact)?

A. Yes, Sir, and we probably all wouldn't be here today."

By appropriate counterpoints defendants have perhaps correctly raised the contention that plaintiff waived his right to have Issues 2 and 3 answered by the jury because of plaintiff's failure to plead that Bergeron was guilty of negligence per se in failing to yield the right-of-way and because plaintiff requested the conditional submission of said issues as hereinbefore mentioned, under the authorities of Groendyke Transport Co. v. Dye, Tex.Civ.App., 259 S.W.2d 747 (wr. dism'd); Jenkins v. Hennigan, Tex.Civ.App., 298 S.W.2d 905, n. r. e. However, we need not determine the merits of this appeal on such counterpoints.

■ Plaintiff correctly concedes in his brief that, as a general proposition, questions of negligence and proximate cause are usually questions of fact requiring a jury finding. The statutory duty to yield the right-of-way is not absolute, but is conditional. Checker Cab Co. v. Wagner, Tex.Civ.App., 199 S.W.2d 791 (n. w. h.); McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643 (Tex.). Where the duties imposed by statute are conditional, "they do not dispense with the necessity of a finding of fact as to whether the conduct of a motorist was negligent under the circumstances." Booker v. Baker, Tex.Civ. App., 306 S.W.2d 767, n. r. e. Clearly, the facts of this case regarding negligence and proximate cause require the application of the common law standard of care of what a reasonable and prudent man would have done under the circumstances. The statute upon which plaintiff relies (Art. 6701D, § 73(b)) required Bergeron to stop in obedience to the stop sign aforesaid, and then proceed with caution, yielding to vehicles "approaching so closely as to constitute an immediate hazard." Missouri-Kansas-Texas R. R. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931; Wilson v. Manley, Tex.Civ.App., 347 S.W.2d 778, n. r. e.; Booker v. Baker, supra. Although these last mentioned decisions relate to other sections of our Uniform Traffic Code we have no doubt their reasoning is applicable here.

■ There is sufficient evidence in the record to show that plaintiff probably "side-swiped" defendants' truck due to the rise confronting her in the street immediately prior to the accident. The only other evidence compels the conclusion that Bergeron acted as an ordinarily careful and prudent person would have acted in stopping his truck between the esplanade as he did. The decisions, upon which plaintiff relies, United Gas Corp. v. Crawford, 141 Tex. 332, 172 S.W.2d 297; San Antonio Brewing Ass'n v. Wolfshohl, Tex. Civ.App., 155 S.W. 644 (wr. ref'd); Burton v. Billingsly, Tex.Civ.App., 129 S.W. 2d 439 (wr. ref'd); Dales v. Thompson, Tex.Civ.App., 162 S.W.2d 156, are distin-

guishable upon the facts. Plaintiff's first seven points are accordingly overruled.

Relative to plaintiff's last point of error, and as shown by the affidavit of plaintiff's counsel attached to the motion for new trial, the record reflects that the verdict of the jury was accepted by the court in the absence of plaintiff's counsel; that this was done even though the jury had resumed its deliberations after a lunch break at approximately 1:30 p. m. and that thereafter, the jury panel for the next case on the docket began to assemble in the courtroom in order that the jury selection might begin at 2:00 p. m. Plaintiff's counsel thereupon went across the hall to the chambers of the Honorable Judge George Buford to await the verdict of the jury in this case. Furthermore, the place where the counsel was seated in the chambers of Judge Buford was clearly visible from the hallway separating the two courtrooms. That thereafter the jury announced that it had reached a verdict, but counsel for the plaintiff does not know what time this occurred, however, the Judge's notation on the docket sheet shows that the verdict was actually accepted and ordered filed at 2:03 p. m. Such affidavit further shows that had counsel for the plaintiff been given an opportunity to do so, a poll of the jury with respect to its answer to Special Issue No. 2 would have been requested.

This last point of error is overruled. Apparently, as there is no contention or implication to the contrary, plaintiff's counsel was absent from the courtroom and left no word where he could be located. If he desired to be present when the verdict was received, the burden was upon him to inform the court where he could be found. The statute does not provide notice to be given to either party to be present when a verdict is returned. Lawrence v. Cananea Consol. Copper Co., Tex.Civ.App., 237 S. W. 959 (wr. dism'd); Rodriguez v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 35 S.W.2d 510.

Judgment affirmed.