Mattie **LITTLETON**, Plaintiff-Appellant,

v.

The **WESTERN UNION TELEGRAPH COMPANY**, Defendant-Appellee.

No. 10000.

United States Court of Appeals,
Tenth Circuit.

May 27, 1971.

---

7. See footnote 1, supra.

**1170**

Emmett M. Rice, Oklahoma City, Okl., argued the cause for plaintiff-appellant.

Terry Shipley, Oklahoma City, Okl., argued the cause for defendant-appellee.

Before SETH, COFFIN * and DOYLE, Circuit Judges.

COFFIN, Circuit Judge.

On the evening of October 25, 1962 Mattie Littleton entered the Western Union office in San Antonio, Texas. While she was at the counter, an employee of Western Union mopped the floor behind her. Completing her business she walked towards the door, which her brother held open, and ventured to traverse the wet floor. Her attempt was unsuccessful; she slipped trying to ford a puddle and pitched headlong out

* Of the First Circuit, Sitting by Designation.

through the open door onto the sidewalk. She brought suit against Western Union alleging negligent maintenance of its office.[1] After trial on the merits, defendant's motion for directed verdict was denied and the jury returned a verdict for plaintiff for $5,000. Subsequently, defendant's motion for judgment notwithstanding the verdict was sustained by the trial court. This appeal followed.

The trial court based its granting of defendant's motion on the insufficiency of evidence to support a finding of negligence and a disbelief that the accident could have happened as presented at trial. Although Mrs. Littleton may have fallen in an unorthodox manner, our review of the record compels us to conclude that a jury could properly find, on the basis of the evidence presented at trial, that the accident did occur, that the defendant through its agent could foresee such a consequence, and that the accident was caused by the slippery floor.[2] A jury could conclude that it was negligent to mop a lobby floor in the manner described by the evidence while customers were transacting business and that defendant had breached its duty to maintain its "premises in a reasonable safe condition". 40 Tex.Jur. 2d Negligence § 72. Dawes v. J. C. Penney & Co., 236 S.W.2d 624 (Tex. Civ.App.1951).

Defendant argues that it breached no duty owed plaintiff because the danger involved here was "open and obvious". Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.Ct. 1963). While it is true that plaintiff knew the floor was wet, the jury could have found that she did not appreciate, nor was it obvious, that the floor was made additionally hazardous by the use of some unknown substance,[3] which coupled with water made the floor extremely slick and slippery. In Western Auto v. Campbell, 367 S.W.2d 398 (1963), a recent decision relied upon by plaintiff, the Texas Court of Civil Appeals refused to disturb a jury verdict for the plaintiff, despite uncontradicted testimony that plaintiff had been warned before walking on the floor of defendant's retail store that the floor was slippery. As in the case at bar, the court found there was no evidence that plaintiff "appreciated" the hazardousness of the floor condition caused by the use of a "foreign substance" which made the surface extremely slippery.[4]

According to the evidence presented, when plaintiff turned to exit from the office, she saw that the floor had been mopped and that it was wet on the way to the door. So far as appears, the jury could have found that there was no dry access to the doorway. Since plaintiff knew that the floor was wet all around her, it cannot be said, as

---

1. The action was brought in the state district court in Oklahoma, plaintiff's domicile, and removed by defendant to federal court. The accident having occurred in Texas, the substantive tort law of that jurisdiction is applicable.

2. We note that the record is replete with contradictions among the witnesses as to certain facts, e. g., through which portion of the double doorway the plaintiff fell and on which side of her body she landed. The cashier for the defendant testified that the floor was not wet and in fact was never mopped during business hours. The jury, of course, had the prerogative to believe or disbelieve the testimony as presented.

3. The plaintiff's brother and sister-in-law who accompanied her that evening deposed that the substance smelled like Pine Sol or another ammonia detergent additive. They further stated that they also both slipped on the wet floor, which was described as "slick".

4. The Texas "slip and fall" cases suggested by defendant to support its theory of "open and obvious danger" are distinguishable. They involved accidents from hazards previously known to the plaintiffs for a period of time, e. g., Wagner v. Lone Star Gas Co., 346 S.W.2d 645 (Tex.Civ.App.1961) (6–7 years), or accidents where *every* danger involved was clearly understood by the injured party, e. g., Contreras v. H.E.B. Grocery Co., 328 S.W.2d 469 (Tex.Civ.App.1959).

defendant proposes, that she had voluntarily incurred the risk "where the conduct of the defendant [had] left [her] no reasonable alternative." Prosser on Torts, 465. *Cf.* Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357, 360 (1950); Dunlop v. Exec. Inn Motor Hotel, 404 S.W.2d 842, 845–846 (Tex.Civ. App.1966). Although a diagram of the lobby admitted into evidence at trial does show another doorway, defendant failed to demonstrate that plaintiff's choice to proceed as she did was imprudent, *cf.* Sears v. Mund-Boilers, 336 S. W.2d 243, 246 (Tex.Civ.App.1960), or that the way to the other door was not equally hazardous or unduly inconvenient. Prosser, *supra* at 468.[5]

We can understand, over two months after trial, in ruling on defendant's motion for judgment notwithstanding the verdict, how the trial court's recollection of the testimony could have left it with major misgivings as to whether the accident could have occurred as related. In explaining its sustaining of defendant's motion, the trial court said:

> " * * * this poor lady claims she slipped on the tile floor there at the counter in the Western Union office in San Antonio, which if I remember was anywhere from 8 to 12 feet * * * from the door. She slipped at, let's say 8 feet from the door and by some way or manner—I can't figure it out to satisfy myself—she went out through the door * * * Now it's just impossible in my concept of a person slipping on a floor and falling in the street * * *."

After reading the record, however, we find plaintiff's story to be within the realm of a jury question. According to her testimony, plaintiff did not slip at the counter, but rather while walking towards the open door. She lost her balance while attempting to cross a puddle and her momentum carried her out the doorway. The jury as trier of facts chose to believe plaintiff's story.

 The trial court clearly and fully instructed the jury as to the applicable law and they deliberated at length. Although the court differed with the jury's final determination, a jury verdict for clearly non-excessive damages based on substantial evidence should not be disturbed.

Reversed and remanded with instructions to enter judgment for plaintiff for $5,000 in accordance with the jury verdict.

---

5. Defendant also contends that there was insufficient evidence to sustain a finding that its activities were the proximate cause of plaintiff's injuries, relying on the tentative answers of plaintiff's physician when he was asked to relate the fall directly to the injuries. This issue, although briefed by defendant, was not argued orally. We are not sure that the question is before us, the trial court not having based its action on a failure to prove proximate cause. In any event, we are satisfied that the evidence was sufficient to support the jury's determination on this issue.