In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00107-CV


______________________________




PATRICIA LEWIS, Appellant



V.



CHELSEA ANNE MURPHY, Appellee




 


On Appeal from the County Court at Law No. 2


Gregg County, Texas


Trial Court No. 2005-1527-CCL2




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 This appeal involves a negligence action for personal damages arising from an automobile
collision. Patricia Lewis sued Chelsea Anne Murphy alleging negligence and negligence per se. 
Lewis was not alleged to have been negligent. The jury was not instructed concerning either
comparative negligence or as to whether the collision was an unavoidable accident. The jury
concluded Murphy was not negligent, and the trial court denied Lewis' motion for a new trial. Lewis
appeals, proceeding on an agreed record, (1) claiming the evidence is legally and factually insufficient. 
Because the verdict is so contrary to the great weight and preponderance of the evidence, the jury's
finding is clearly wrong and manifestly unjust. We reverse the judgment and remand to the trial
court for a new trial.

The Evidence Is Legally Sufficient 

 In her first two points of error, Lewis claims that the evidence is legally insufficient and that
the trial court erred in submitting to the jury the jury question concerning negligence. According to
Lewis, the evidence established that Murphy violated Section 545.151 of the Texas Transportation
Code and was, therefore, negligent per se. See Tex. Transp. Code Ann. § 545.151 (Vernon Supp.
2006). In addition, Lewis argues the evidence conclusively establishes Murphy was negligent.

 When a party challenges the legal sufficiency of the evidence on an issue on which he or she
had the burden of proof at trial, he or she must demonstrate on appeal that the evidence conclusively
establishes all vital facts in support of the issue. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241
(Tex. 2001); Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). The final test for legal
sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded
people to reach the verdict under review. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). 
Whether using the inclusive or exclusive standard of review, we view the evidence in the light most
favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not. Id. A reviewing court must not substitute its
judgment for that of the trier of fact and must indulge every reasonable inference in favor of the
verdict. Id. 

 The collision in question occurred at the intersection of Fourth Street and Short Street in
Longview, Texas. Lewis was traveling southbound on Fourth Street, and Murphy was traveling
eastbound on Short Street. Traffic on Short Street was controlled by a stop sign. Traffic on Fourth
Street had the right-of-way and was not controlled by a stop sign. Murphy, who was in high school
at the time of the collision, testified she was very familiar with the intersection and traveled the same
route to school every day. The collision occurred at approximately one o'clock in the afternoon as
Murphy was returning to school from lunch. Murphy was intending to travel straight through the
intersection and continue traveling on Short Street. 

 Murphy testified she pulled up to the stop sign and stopped. Photographs of the accident
scene show there is a hedge located an undetermined distance to the left side of the place where
Murphy's vehicle was stopped. Murphy testified that the bushes were larger and more "grown out"
at the time of the accident and that she believed that Lewis was in a "blind spot." Murphy testified
she had never previously had trouble seeing traffic on Fourth Street at this location. She further
testified that, from the location where she was stopped for the stop sign, she could see almost a block
up Fourth Street. 

 Lewis contends that, because Murphy violated Section 545.151 of the Texas Transportation
Code, Murphy's conduct constitutes negligence per se. See Tex. Transp. Code Ann. § 545.151
("An operator approaching an intersection . . . after stopping, may proceed when the intersection can
be safely entered without interference or collision with traffic using a different street or roadway."). 
The statutory duty to yield the right-of-way is not absolute, but is conditional. Where the duties
imposed by statute are conditional, they do not dispense with the necessity of a finding of fact as to
whether the conduct of a motorist was negligent under the circumstances. Londow v. Bergeron, 398
S.W.2d 297, 301 (Tex. Civ. App.--Beaumont 1966, writ ref'd n.r.e.) (citing Booker v. Baker, 306
S.W.2d 767 (Tex. Civ. App.--Dallas 1957, writ ref'd n.r.e.)). The violation of Section 545.151 does
not establish Murphy was negligent as a matter of law. Rather, the violation should merely be
considered in determining, as a matter of fact, whether the conduct of a motorist is negligent under
the common-law standard of the reasonably prudent man. See Waring v. Wommack, 945 S.W.2d
889, 891 (Tex. App.--Austin 1997, no pet.); Craker v. City Transp. Co. of Dallas, 316 S.W.2d 447,
449-50 (Tex. Civ. App.--Dallas 1958, writ ref'd n.r.e.).

 Viewed in a light most favorable to the verdict, we cannot say that Lewis conclusively
established all vital facts in support of the negligence issue. Murphy testified she drove up to the
intersection, stopped at the stop sign, and looked both ways before proceeding into the intersection. 
When she looked both ways, she did not see Lewis' vehicle. Murphy denied trying to "shoot across
the intersection." The evidence established that there were hedges which may have obstructed
Murphy's view. Lewis has failed to conclusively establish Murphy was negligent. The trial court
did not err in submitting to the jury the jury question concerning negligence.

The Evidence Is Factually Insufficient

 In her third point of error, Lewis argues the evidence is factually insufficient. When
considering a factual sufficiency challenge to a jury's verdict, a court of appeals must consider and
weigh all of the evidence, not just that evidence which supports the verdict. Mar. Overseas Corp.
v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998). When the party challenging a jury finding had the burden
of proof at trial, a court of appeals can set aside the verdict only if it is so contrary to the great weight
 and  preponderance  of  the  evidence  that  the  verdict  is  clearly  wrong  and  unjust. Francis, 46
S.W.3d at 242; In re Estate of Steed, 152 S.W.3d 797, 806 (Tex. App.--Texarkana 2004, pet.
denied). The court of appeals is not a fact-finder. Accordingly, we do not pass on the credibility of
the witnesses, and we do not substitute our opinion for the trier of fact, even if there is conflicting
evidence on which a different conclusion could be supported. Ellis, 971 S.W.2d at 407; Clancy v.
Zale Corp., 705 S.W.2d 820, 826 (Tex. App.--Dallas 1986, writ ref'd n.r.e.). If we find the evidence
insufficient, we must clearly state why the jury's finding is factually insufficient or is so against the
great weight and preponderance of the evidence as to be manifestly unjust. Pool v. Ford Motor Co.,
715 S.W.2d 629, 635 (Tex. 1986). 

 Murphy agreed that she entered the intersection "when it was not safe to do so because there
was a danger of interfering or colliding with another vehicle." Murphy testified she did not "creep
forward and look again" after stopping at the stop sign. The stop sign was mounted approximately
half a car length from the edge of Short Street. Murphy agreed that she could have pulled forward
and obtained a clear view of oncoming traffic. According to Murphy, she "probably" would have
seen Lewis if she had pulled forward to obtain a less obstructed view after stopping at the stop sign. 
When she was stopped at the stop sign, she could see almost a block up Fourth Street. The streets
were dry, the day was sunny, and Murphy denied that weather had any role in the accident. Murphy
testified her car was in good mechanical condition. In fact, Murphy agreed she "entered the
intersection of Fourth Street and Short Street when it was not safe to do so" and agreed that was "the
only cause of this wreck."

 Lewis testified that she had driven to Longview to take her mother, Sidgel Minter, to a
doctor's appointment. As Lewis drove over a hill on Fourth Street approaching Short Street, Lewis
observed the driver of an automobile pull up to and stop at the stop sign on Short Street. Lewis
believed that the driver would wait at the stop sign. According to Lewis, the next thing she knew,
the collision had occurred. Minter also observed the driver of a vehicle stop at the stop sign on Short
Street. Minter testified she did not see the vehicle pull into the intersection "[b]ecause it was that
fast."

 Considering all of the evidence in a neutral light, the evidence is factually insufficient. The
great weight and preponderance of the evidence does not support a finding that Murphy was not
negligent. Traffic on Short Street was controlled by a stop sign, and traffic on Fourth Street had the
right-of-way. Murphy agreed she "entered the intersection of Fourth Street and Short Street when
it was not safe to do so" and agreed that was "the only cause of this wreck." The jury's verdict is so
contrary to the great weight and preponderance of the evidence that it is clearly wrong and manifestly
unjust. The trial court erred in overruling Lewis' motion for a new trial. 





 For the reasons stated, we reverse the judgment and remand to the trial court for a new trial. 

 Jack Carter

 Justice


Date Submitted: February 28, 2007

Date Decided: May 25, 2007


1. During our review of this case, we noted that the record appeared to be incomplete. We sent
the parties a letter noting the record appeared to be incomplete and providing additional time for the
parties to supplement the record if desired. Lewis has supplemented the record with the testimony
of two additional witnesses. The parties have also filed a stipulation that "the only witnesses who
testified as to negligence and proximate cause" are the three witnesses contained in the reporter's
record as supplemented. This stipulation was signed by counsel for both Lewis and Murphy. We
have interpreted this stipulation as a stipulation agreeing on the contents of the appellate record
under Rule 34.2 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 34.2. Under Rule
34.2, we must presume the record contains "all evidence and filings relevant to the appeal." See id.