Grady C. BOOKER et al., Appellants,

v.

W. G. BAKER, Appellee.

No. 15310.

Court of Civil Appeals of Texas.

Dallas.

Oct. 18, 1957.

Rehearing Denied Nov. 15, 1957.

**770**

Wilbur T. Knape, Dallas, for appellants.

Gallagher, Francis, Bean, Wilson & Berry, J. O. Bean and Pete White, Dallas, for appellee.

DIXON, Chief Justice.

This as an appeal from a judgment non obstante veredicto in favor of appellee-plaintiff W. G. Baker against appellant-defendants Grady C. Booker and Felton Hunt for damages resulting from the death of appellee's infant son, Michael, and personal injuries to his wife, Mrs. Doris Baker, caused by an intersectional collision of automobiles.

On July 16, 1955 at about 1:45 p. m., Mrs. Doris Baker was driving the family automobile in an easterly direction on Highway 80; her infant son, Michael, was a passenger; also a passenger was her mother, a teacher at Old Tripp School. As Mrs. Baker approached an intersecting gravel road a short distance west of the intersection of Belt Line Road and Highway 80, she signaled a left turn, then turned north off Highway 80 to enter the gravel road which she believed would take her to Old Tripp School. After Mrs. Baker had cleared the paved portion of Highway 80 an automobile driven by appellant Grady C. Booker (Felton Hunt, owner of the automobile, was riding with Booker) and proceeding west on Highway 80 swerved off the paved portion of the highway onto the north shoulder of the road. Thereafter the two cars collided at a point near the northwest corner of the intersection.

At a trial before a jury each party alleged acts of negligence on the part of the other to be proximate causes of the collision, and each sought damages from the other.

The jury did not answer special issues Nos. 1 to 6 inclusive. These issues inquired whether Booker was under the influence of intoxicating liquor, and, if so, whether Hunt knew it and was negligent in entrusting the automobile to Booker, and whether such negligence, if any, was a proximate cause of the collision.

The jury answered the remaining issues except where instructed not to do so, based on previous answers. The verdict may be summarized as follows: (7) Booker was driving the automobile in excess of 40 miles per hour, which (8) was a proximate cause of the collision; (9) he operated said automobile at a high and dangerous rate of speed, in excess of that at which a person of ordinary prudence would have driven it under the same or similar circumstances, which (10) was a proximate cause; (11) Booker failed to keep a proper lookout, which (12) was a proximate cause; (13) Booker turned the car off the highway, but (14) such act was not negligence; (16) he did not fail to reduce his speed immediately before the collision; (19) his failure to pass on the south side of Mrs. Baker's automobile was not negligence; (21) Mrs. Baker did not fail to keep a proper lookout; (23) she did not fail to give a warning of her intention to turn left; (25) Mrs Baker did turn to the left at a time when such movement could not be made with safety,

but (26) such manner of driving was not negligence; (A) at the time Mrs. Baker intended to turn left, the car driven by Booker was so close to the intersection as to constitute an immediate hazard; (B) Mrs. Baker's continuing her turn to the left was a proximate cause of the collision; (27) Mrs. Baker did not fail to drive to the right of the center of the roadway; and (29) her failure to turn to the right was not negligence.

The jury answered issues as to discovered peril as follows: (31) Mrs. Baker and her son just before the collision occupied a position of peril; which (32) Booker discovered and realized, and (33) he realized they would not extricate themselves from such position, but (34) not in time so that in the exercise of ordinary care he could have avoided the collision without injury to himself or the occupants of the car which he was driving; (37) just before the collision Booker and Hunt occupied a position of peril, which Mrs. Baker saw and realized, but (39) she did not realize they would not extricate themselves from their position of peril.

The jury answered issues pertaining to emergency as follows: (43) just before the collision Booker was acting under an emergency; (44) and after the emergency arose Booker did what an ordinarily prudent person would have done under the circumstances.

The jury then answered that (45) the occurrence was not an unavoidable accident; and (46) found damages in the amount of $25,625.

Appellant filed a motion for judgment based on the verdict, which motion was overruled.

Appellee filed a motion for judgment non obstante veredicto. The motion asserted that the court should disregard the answers to issues Nos. A and B, and 43 and 44, for the following reasons:

"(1) No finding of negligence against plaintiff's wife. (2) Finding of primary negligence in many respects against defendants. (3) No request nor issue submitted inquiring as to negligence, if any, regarding the matter inquired about in special issues Nos. A and B; therefore, no finding of negligence against plaintiff's wife. (4) Special issues Nos. A and B, being right of way issues, do not include all of the elements of the statute. Special issues Nos. A and B are not supported in law or by the evidence. (5) Issues of primary negligence found against the defendants that the hazard, if any, was produced by the excessive speed and failure to keep a proper lookout by the defendants, and such general finding of special issues Nos. A and B is overridden by the specific finding of primary negligence against the defendants. (6) The overwhelming weight and preponderance of the testimony showed conclusively that the hazard, if any, was produced by the negligent acts of the defendants. (7) Special issues Nos. 43 and 44 are immaterial and surplus issues which the court submitted to the jury at the request of the defendants, the court also having submitted discovered peril issues at the request of the defendants. (8) The general finding of sudden emergency as found by the jury in special issues Nos. 43 and 44 amounts to no finding at all since such general finding is overridden by the specific finding of primary negligence found against defendants regarding excessive speed and failure to keep a proper lookout, such finding having no application where the defendants' conduct before the collision produced and brought about their own peril. (9) The jury found defendants guilty of negligence which proximately caused the collision; therefore, the emergency issue is not in conflict with such finding and, absent any findings that emergency constituted sole proximate cause of collision, the specific finding of primary negligence

against defendants overrides the general emergency finding in special issues Nos. 43 and 44."

The court sustained appellee's motion for judgment non obstante veredicto and rendered judgment for $27,095.84.

### Opinion.

In their first point on appeal appellants say that there were no material issues of fact raised by the evidence, therefore the court erred in overruling their motion for instructed verdict. In their fifth point they say there is no evidence to support the submission of issues Nos. 11 and 12. In their tenth point they say that the evidence conclusively shows that the facts found by the jury could not have been the cause of the collision.

■■■ We are unable to agree with appellants. There is evidence in the record that at the time Mrs. Baker gave the signal and began her left turn there was no traffic meeting her on Highway 80, there were no cars anywhere close to her, no cars within her view; the collision took place on the north shoulder of the highway after Mrs. Baker had cleared the paved portion; the rear part of her car was hit; Booker's car was being operated at a speed above eighty miles per hour—near to ninety or a hundred miles per hour; Booker had attempted to pass another car on the wrong side about a half mile or three-fourths of a mile east of the point of collision, and never did get back in his proper lane; when he reached the intersection he was off the pavement and missed by only two or three feet a car which had stopped on Belt Line Road waiting to cross Highway 80. There was other evidence in support of the jury's findings, but we shall not lengthen this opinion by further details. Appellants' first, fifth and tenth points are overruled.

In their second point appellants contend that the court erred in refusing to submit their requested issues Nos. 3, 4, 5, 20, 21, and 22. These requested issues inquired whether appellants had the right of way, whether Mrs. Baker failed to yield the right of way, and whether such failure was a proximate cause; and whether Mrs. Baker made an illegal left turn, whether said illegal left turn was negligence and whether it was a proximate cause of the collision.

■■■ In our opinion it was not error for the court to refuse to submit said issues. Issue No. 20 sought to obtain a legal conclusion from the jury; issues Nos. 21 and 22 were conditioned on the answer to No. 20. Moreover the subject matter of the requested issues was covered substantially by issues Nos. 25, 26, A, B, and 27 as submitted by the court. The requested issues would have propounded only mixed questions of law and fact involving various phases and shades of issues which the court had already submitted. There was no error in refusing the requested issues. Rule 279, Texas Rules of Civil Procedure; Smith & Conklin Bros. v. Griffith, 153 Tex. 341, 268 S.W.2d 124. Appellants' second point is overruled.

In their third point appellants say that the court erred in overruling their objections to special issues Nos. 7 and 8, which inquired whether Booker was driving his car in excess of 40 miles per hour, and, if so, whether such speed was a proximate cause of the collision. Appellants objected on the grounds that (1) there was no evidence to support submission of such issues, and (2) the court erroneously presumed that speed in excess of 40 miles per hour upon the highway was negligence.

■■■ There is evidence to support a finding that Booker was operating his vehicle in excess of 40 miles per hour. There is evidence, too, that there were highway speed signs near the intersection limiting speed to 40 miles per hour. Appellee says that the speed had been legally so limited under the provisions of art. 827a, sec. 8, subsecs. 1, 2 and 6 of our Penal Code, authorizing the Highway Commission and other governing bodies to set prima facie speed limits. However subsection 6

expressly states that in civil actions the provisions of the Act shall not be construed to relieve the plaintiff from the burden of proving negligence on the part of the defendant. We therefore sustain appellants' third point.

In their fourth point appellants assert that the court erred in overruling their objection to issues Nos. 9 and 10 for the reason that (1) there is no evidence to support said issues; (2) a required legal definition was not furnished; and (3) said issues are duplicitous, being the same matter submitted in issues Nos. 7 and 8, hence constitute a comment on the weight of the evidence.

■ As we have already said, the jury verdict finds ample support in the evidence. On the question of a legal definition being required, issue No. 9 contained within the issue itself a definition of common-law negligence as it relates to speed. The issue as submitted inquired whether just before the collision Booker operated his car at a high and dangerous rate of speed "in excess of that at which a person of ordinary prudence would have operated it under the same or similar circumstances." We do not consider the issues duplicitous. But if they are, the error in submitting them is harmless. Appellants' fourth point is overruled.

In their sixth point appellants contend that the court erred in overruling their objection to issue No. 46, the damage issue, because (1) there are no pleadings and (2) no evidence to support that portion of the issue inquiring about the future diminished earning capacity of Mrs. Baker; and (3) the issue is a general charge, and is multifarious, therefore is a comment on the weight of the evidence.

■ (1) Appellee's petition describes in detail and at length serious injuries alleged to have been suffered by Mrs. Baker. The petition also includes this allegation: "That as a result of said injuries and conditions resulting therefrom Doris Baker's ability to work, earn money and perform household duties has been greatly impaired, if not totally destroyed, for a long time in the future, if not permanently."

■ (2) Mrs. Baker was hospitalized from July 16, 1955 to July 28, 1955 when she was carried to her home in an ambulance. She remained in bed for about two months after she returned home. Dr. T. Wiley Hodges testified to the extent and serious nature of Mrs. Baker's injuries. At the trial he testified also that her disabilities had not ended. On January 1, 1956 she went to work as a cashier and bookkeeper for Southwestern Bible Institute of Waxahachie, Texas. She still has headaches and occasionally black-outs and cannot remain standing very long at a time. Without further detailing the evidence we hold that it fully supports the jury's findings on damages.

■ (3) Issue No. 46 as submitted includes several factual elements to be considered by the jury in answering the ultimate issue as to the total damages, but such manner of submission has been approved as against the objection that it is multifarious. Allcorn v. Ft. Worth & R. G. Ry. Co., Tex. Civ.App., 122 S.W.2d 341; 41–B Tex.Jur. 589–594.

Appellants' sixth point is overruled.

In their seventh and ninth points appellants assert that they were entitled to judgment on the verdict, and that it was error for the court to render judgment non obstante veredicto. They contend that by the answer to issues A and B the jury found that Mrs. Baker had violated the provisions of art. 6701d, sec. 68a and sec. 72, Vernon's Ann.Civ.St., which violations constituted negligence as a matter of law, and were the proximate cause of the collision.

■ We do not agree with appellants that the jury's answers to issue A amounted to a finding that Mrs. Baker had violated the named statute, or that she was for that reason guilty of negligence per se.

■ In our opinion Articles 6701d, sec. 68a and sec. 72, come within the class of

statutes in which the common-law standard of the reasonably prudent man must be used in determining as a matter of fact, not as a matter of law, whether the conduct of a motorist is negligent. The duties imposed by these particular statutes are not absolute, they are conditional. They do not dispense with the necessity of a finding of fact as to whether the conduct of a motorist was negligent under the circumstances.

Our interpretation of the statutes in question finds support in the recent opinion by our Supreme Court in Missouri-Kansas-Texas Railroad Co. of Texas v. McFerrin, 291 S.W.2d 931, 936. In a somewhat analogous situation the Court construed art. 6701d, sec. 86, which provides that a motorist approaching a railroad crossing shall stop within 50 feet but not less than 15 feet from the nearest rail, and shall not proceed until he can do so safely, when an approaching train is plainly visible and is in hazardous proximity. The Supreme Court holds that the statute imposes a conditional, not an absolute duty to stop, and with reference to hazardous proximity, says:

" * * * We * * * hold that whether a train was 'in hazardous proximity' to a crossing, so as to impose on an approaching motorist a duty to stop, must be determined by the court from the evidence of the facts and circumstances existing at the time the motorist was compelled to make a decision, and should not be determined by or from the happening of subsequent events. * * *

" * * * It seems to us that in determining whether the fact situation is such as to call the statutory duty into existence, we should not hold the motorist to greater wisdom or better judgment than a reasonably prudent person, similarly situated, would exercise. Accordingly, we apply the objective common-law test of the reasonably prudent man and hold that before it can be said in a given case that an approaching train was 'plainly visible' as a matter of law, it must appear, as a matter of law, that a reasonably prudent person, situated as was the motorist and exercising ordinary care for his own safety, should have seen it. We further hold that it will not be said that a train was 'in hazardous proximity' to a crossing, as a matter of law, unless under all the attendant facts and circumstances it can be said, as a matter of law, that by reason of the speed and nearness of the train a reasonably prudent person should have known that an attempt to proceed over the crossing ahead of the train, was hazardous."

In support of its conclusions, our Supreme Court then quotes the Supreme Court of New Hampshire [Gendron v. Glidden, 84 N.H. 162, 148 A. 461] as follows:

"It is not the exact or mathematical situation, but the apparent situation, obvious to a man of ordinary prudence reasonably observant, that must control his judgment and determine the right of precedence. * * *.

"In short, the invocation of the statute raises an issue of fact in the first instance, namely, whether or not a man of reasonable prudence in the position of the person approaching from the disfavored direction would reasonably have concluded that he could pass the intersection without danger of collision."

See also Baker v. Salvation Army, Inc., 91 N.H. 1, 12 A.2d 514; Smith v. Clark, 187 Va. 181, 46 S.E.2d 21; and Wilkinson v. Marcellus, 51 Cal.App. 630, 125 P.2d 584.

In our opinion art. 6701–d, Secs. 68a and 72, Vernon's Ann.Civ.St., should be given the same interpretation as analogous statutes are given in the above cited cases. And under such interpretation, the jury's answers to issues Nos. 21, 23, 25, and 26 (particularly the answer to issue No. 26) exonerate Mrs. Baker of negligence even if she did make a left turn when she could

not do so with safety because the car driven by Booker was so close to the intersection as to constitute an immediate hazard.

In their seventh point appellants also argue that the jury's answers to issues Nos. 43 and 44 entitle them to judgment. In the answers to these issues the jury found that after an emergency arose Booker did what an ordinarily prudent person would have done under the same or similar circumstances. However the evidence and the other findings of the jury establish that the emergency was created, or at least contributed to by Booker's own negligence. There were primary findings to the effect that Booker was negligent in the matter of speed and in the matter of proper lookout. There are no findings of negligence against Mrs. Baker. Under the circumstances Booker is not entitled to invoke the common-law rule of emergency to avoid liability. Sam v. Sullivan, Tex.Civ.App., 189 S.W.2d 69; White v. Munson, Tex. Civ.App., 162 S.W.2d 429; Lee v. Zaske, 213 Minn. 244, 6 N.W.2d 793; Vedder v. Bireley, 92 Cal.App. 52, 267 P. 724; 60 C.J.S. Motor Vehicles § 257, p. 628. Appellants' seventh point is overruled.

In their eighth point appellants say that the jury's answers to issues Nos. 11 and 12, as to Booker's failure to keep a proper lookout, are in conflict with the answers to issues Nos. 43 and 44, pertaining to emergency. The answers are not in conflict. City Transportation Co. v. Vatsures, Tex.Civ.App., 278 S.W.2d 373, and cases there cited. Appellants' eighth point is overruled.

We have sustained appellants' third point on appeal wherein appellants objected to the submission of issues Nos. 7 and 8. However the answers to other issues make out a case of liability against appellants. We therefore affirm the trial court's judgment.

Affirmed.