Alicia MADARA, Appellant,

v.

R. D. MARSHALL, Appellee.

No. 17252.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 14, 1978.

Rehearing Denied Jan. 25, 1979.

Aldrich & Buttrill, Gerald H. Buttrill, Houston, for appellant.

Vinson & Elkins, Danny L. Van Winkle, Houston, for appellee.

EVANS, Justice.

This personal injury action is the result of an intersectional collision between two automobiles.

The defendant, driving his automobile in an easterly direction on Westheimer Road, was attempting to turn left onto River Oaks Blvd. The plaintiff was proceeding westerly on Westheimer. The following sketch indicates the scene of the accident.

WESTHEIMER

In response to special issues the jury failed to find the defendant negligent in his speed, the application of his brakes, or his lookout, or that he had failed to yield the right-of-way. The jury found the plaintiff negligent in her speed, the application of brakes, in maintaining a lookout, and that she had failed to yield the right-of-way. It found the occurrence was proximately caused by her negligence in the application of brakes, in maintaining a lookout and in her failure to yield the right-of-way, and that 100% of the negligence causing the accident was attributable to her. The jury failed to find that the plaintiff had been injured and it answered the damage issues with a zero.

The plaintiff contends in her first eight points of error that the jury's findings regarding the defendant's negligence are against the weight and preponderance of the evidence and that the evidence established the defendant's negligence as a matter of law.

The principal contention of the plaintiff is that the defendant violated the statutory duty of a driver intending to make a left turn at a controlled intersection to "yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard . . ."

Article 6701d Section 72 Tex.Rev.Civ.Stat. Ann. Arguing that the defendant had the duty under this statute to determine by a proper lookout whether her vehicle was so close to the intersection as to constitute an immediate hazard, she contends that the defendant's own testimony shows he made no attempt to estimate her speed and that based upon his own estimate of her distance from the intersection at the time he began to make his turn, it should have been clear to him that he could not make the turn in safety.

The police were not called to the scene of the accident, and the only evidence regarding the accident is the testimony of the plaintiff, the defendant, and a third party, Mrs. Buck, who was called as a witness by the defendant. The plaintiff testified that her vehicle was hit on the driver's side, indicating that she was already in the intersection when the defendant began his left turn. However, her testimony is in this respect contradicted by testimony of the defendant and of Mrs. Buck to the effect the defendant's vehicle was almost clear of the intersection when it was struck on the right rear side by the plaintiff's automobile.

The defendant testified that he had seen the plaintiff's vehicle "a long time" before the accident occurred. Traffic on Westheimer was light at that time and the plaintiff's vehicle was the only car he observed

in the whole block ahead of him. The first time he saw the plaintiff's vehicle it was 150 feet or more from the center of the intersection. When he got to the center of the intersection he looked at her vehicle and saw that she was "plenty far" from him and he didn't see "any danger whatever" in making the turn. When he began to make his turn, there was no one in front of him and he crossed the center line traveling at about five or six miles per hour. He pressed down on the gas pedal, picking up speed, and he had practically cleared her lane when the right rear of his automobile was struck by her vehicle.

Q  And she was coming through the intersection this way and you all kind of met in the middle, didn't you?

A  Well, I had practically cleared her lane. I don't think that my car was—I may have cleared when she hit me. I know I wasn't more than six inches back in her lane when she hit the back of my car.

Q  Now, didn't you testify earlier that once you started to make that turn that you never looked again at her vehicle?

A  I didn't turn back and watch her, because I felt sure that I had a safe turn and I didn't see any use in turning around and watching her.

The third party witness, Mrs. Buck, testified that she was driving east on Westheimer, following the defendant's vehicle, when she saw him begin to make the left turn. She indicated that it was clear from the defendant's actions that he intended to turn left onto River Oaks Blvd. and that there was sufficient distance between his vehicle and the plaintiff for the turn to be made in safety. She estimated that the plaintiff's vehicle was traveling at a speed of around 35 miles per hour and that at the time the defendant began his left turn, the plaintiff's vehicle was about seven car lengths from the center of the intersection.

The plaintiff does not suggest how the speed of the defendant's vehicle could have contributed to the accident. Neither does she explain how any braking application by the defendant could have avoided the collision. Thus, the questions for determination are whether the failure of the jury to find that the defendant was negligent in maintaining a proper lookout and in failing to yield the right-of-way are against the great weight and preponderance of the evidence and whether such negligence was shown as a matter of law.

In making a left turn at an intersection, it is the duty of a driver to look for vehicles approaching from the opposite direction and to exercise due care in observing the speed and proximity of approaching vehicles so that he may determine whether such vehicles constitute an immediate hazard to his course of action. *Day v. McFarland*, 474 S.W.2d 946, 951 (Tex.Civ.App.—Tyler 1971, writ ref'd. n. r. e.). However, if the driver intending to make a left turn misjudges the speed of the approaching vehicle or its distance from the intersection, this does not necessarily establish a want of due care on his part. *Boaz v. Whites Auto Stores*, 141 Tex. 366, 172 S.W.2d 481, 483 (1943). Thus, in the case at bar it was the plaintiff's burden to prove the defendant's negligence upon the common law standard of whether he acted as a reasonably prudent person under the circumstances existing at the time of the occurrence. *Missouri-Kansas-Texas Railroad Co. v. McFerrin*, 156 Tex. 69, 291 S.W.2d 931 (1956).

Based upon the circumstances presented by the evidence the jury could have concluded that a reasonably prudent person exercising ordinary care would have decided, as did the defendant, that he could clear the intersection without danger of colliding with the plaintiff's approaching vehicle. The jury's findings in this respect are not against the great weight and preponderance of the evidence, and the evidence does not establish the defendant's negligence as a matter of law.

In points of error nine through twenty, the plaintiff challenges the legal and factual sufficiency of the evidence to support the jury's findings that she was negligent in the application of her brakes, in her lookout and that she failed to yield the right-of-way, and that such acts of negligence proximately caused the accident. The plaintiff argues that she was not required to antici-

pate the defendant's negligence and that before it could be found that her own negligence was a proximate cause of the collision, it must have been shown by the evidence that a proper lookout would have alerted her to the danger and that the collision would not have occurred except for her failure to maintain a proper lookout and to take evasive action.

According to the plaintiff's testimony she estimated the defendant's vehicle to be two to three car lengths from her vehicle when he began making the left turn. She "figured" that he was stopped to make a left turn, but she didn't see him give any type of signal before he turned. She testified that she applied her brakes at that time, as hard as she could, and that her tires squealed and left skid marks. She said she also swerved her car to the left to avoid the accident. She contends that under the defendant's own testimony she could not have determined that he was going to make a left turn until there was a distance of 125 feet or less between the two vehicles, and that by mathematical calculation there could not have been sufficient time for her to have stopped at the speed she was driving.

Contrary to the plaintiff's version of the accident, Mrs. Buck testified that she had not observed any braking of the plaintiff's vehicle nor any deviation in its course. Neither had she heard any squealing of tires. She said the plaintiff's vehicle came straight to the point of impact with the defendant's vehicle and that she observed nothing to indicate that the plaintiff had applied her brakes.

■ Where the proximity of the approaching vehicle is such that it gives the appearance that the left turn may be made in safety, the motorist making a left turn has the right to proceed through the intersection. *Day v. McFarland*, supra. If the motorist making the left turn has misjudged the speed or distance of the approaching vehicle, the approaching motorist cannot disregard his plight and must exercise ordinary care to avoid a collision. *Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d

273 (1958); *McElroy v. Wagley*, 437 S.W.2d 5 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.). Thus, even though the approaching motorist may have the right-of-way, he must take such evasive action as may be reasonably appropriate to avoid the collision if the circumstances are such as to sufficiently alert him to the danger. *Thorton v. Campise*, 459 S.W.2d 455, (Tex.Civ. App.—Houston [14th Dist.] 1970, writ ref'd n. r. e.); *Goates v. Fortune Lincoln Mercury*, 446 S.W.2d 913, 916 (Tex.Civ.App.—El Paso 1969, writ ref'd n. r. e.). The right-of-way of the motorist approaching the intersection from the opposite direction is not an absolute right and the approaching motorist must exercise due care for his own safety and the safety of others. *Cheramie v. Scott*, 324 S.W.2d 87 (Tex.Civ.App.—Amarillo 1959, writ ref'd. n. r. e.).

■ In the case at bar there was evidence which, if believed by the jury, tended to show that the plaintiff was alerted to the fact that the defendant proposed to make a left turn at the intersection and that there then remained sufficient time for her to have taken evasive action which would have avoided the collision. Thus, the jury could have concluded that the plaintiff was negligent in failing to reduce her speed and in failing to apply her brakes and that the accident would not have occurred if she had used such means of avoiding the collision. The evidence is legally and factually sufficient to support the jury's findings in these respects and such findings are not against the great weight and preponderance of the evidence. For the same reasons the jury's finding attributing 100% of the negligence to the plaintiff has sufficient evidentiary support, and plaintiff's points of error twenty-one through twenty-three are overruled.

In her remaining three points of error the plaintiff contends that the jury's failure to find that she sustained any injury and to award any amount of damages are against the great weight and preponderance of the evidence and that such injury and damage have been shown a matter of law. In view of this court's disposition of the first twen-

ty-three points of error, it is unnecessary to consider these points.

The trial court's judgment is affirmed.

## ON MOTION FOR REHEARING

In her motion for rehearing the plaintiff contends that it was not her burden to prove the defendant's negligence under the common law or prudent man standard unless the defendant first presented some evidence of a permissible excuse for failing to yield the right of way to her. She relies upon *Impson v. Structural Metals, Inc.,* 487 S.W.2d 694 (Tex.1972); *Southern Pacific Company v. Castro,* 493 S.W.2d 491 (Tex. 1973); and *L. M. B. Corporation v. V. Gurecky,* 501 S.W.2d 300 (Tex.1973), arguing that under such authorities the defendant's negligence must be deemed to have been established as a matter of law since he did not offer evidence of a permissible excuse within the limited range set forth in *Impson,* supra.

The cases relied upon by the plaintiff apply only to those situations where a statutory violation is shown by the evidence. The duty imposed upon a driver intending to make a left turn at an intersection is not absolute, and it is not, ipso facto, a violation of the statute to cross the center line of the roadway at an intersection. If the driver exercises due care in maintaining a lookout for vehicles approaching from the opposite direction and in observing the speed and proximity of approaching vehicles in such manner that he may determine whether the approaching vehicles constitute an immediate hazard to his course of action, the trier of fact is entitled to find that he acted as a reasonably prudent person under existing circumstances even though he may have misjudged the speed of the approaching vehicle or its distance from the intersection. Thus the question of whether a driver has violated the statute in question must be determined from the facts of the particular case. See *Impson v. Structural Metals, Inc.,* supra, at page 695, footnote 1.

The plaintiff's motion for rehearing is overruled.