**Frederick WARING and Deborah Waring, Appellants,**

v.

**Robert James WOMMACK, Appellee.**

No. 03–96–00333–CV.

Court of Appeals of Texas,
Austin.

May 15, 1997.

Don L. Davis, Byrd, Davis & Eisenberg, L.L.P., Austin, for appellants.

Larry G. Black, Brantley Ross Pringler, Jr., Wright & Greenhill, P.C., Austin, for appellee.

Before ABOUSSIE, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Frederick and Deborah Waring appeal from a take-nothing judgment entered against them in their suit to recover for serious personal injuries sustained by Frederick when his bicycle was struck by an automobile driven by Robert Wommack. The jury failed to find negligence on the part of either party to the accident. We will affirm the trial court's judgment.

## BACKGROUND

On September 23, 1993, Mr. Waring was riding his high-performance racing bicycle down Red Bud Trail in West Lake Hills, just west of the city of Austin. Mr. Wommack was waiting in his car to turn left onto Forest View Drive from Red Bud Trail. He waited for two cars coming down the hill to pass and then began his turn, immediately striking the

bicyclist, whom he had not seen. Mr. Waring was seriously injured and remained in a coma for several days; he has no memory of the accident after the two cars passed him going in his direction. Stephanie Lake was stopped on her motorcycle behind Mr. Wommack as he waited for the oncoming traffic to clear before he turned left; Bonnie Alexander's automobile was behind Ms. Lake's motorcycle. Neither of these two drivers saw the bicyclist before the collision.

In three points of error, the Warings insist the trial court erred by (1) failing to give a negligence per se instruction to the jury, (2) improperly admitting testimony of an expert whose opinion was based on mere speculation and conjecture, and (3) overruling their motion for judgment notwithstanding the verdict and motion for new trial because Mr. Wommack's negligence was established as a matter of law or, alternatively, by the great weight and preponderance of the evidence.

## Negligence Per Se

■ In their third point of error, the Warings complain that the trial court erred in refusing to give a negligence per se instruction to the jury.[1] The Warings allege that Mr. Wommack violated his statutory duty to yield to oncoming traffic while turning, and that such violation constituted negligence per se. *See* Tex. Transp. Code Ann. § 545.152 (West Supp.1997) (formerly Tex.Rev.Civ. Stat. Ann. art. 6701d, § 72). This is not the law in Texas. In *Booker v. Baker*, 306 S.W.2d 767 (Tex.Civ.App.—Dallas 1957, writ ref'd n.r.e.), the court of civil appeals held that the jury's finding that the defendant driver had misjudged the proximity of the oncoming car before turning left, in violation of former article 6701d, section 72, did not amount to a finding of negligence per se.

The court found that the statute

come[s] within the class of statutes in which the common-law standard of the reasonably prudent man must be used in determining as a matter of fact, not as a matter of law, whether the conduct of a motorist is negligent. The duties imposed

by these particular statutes are not absolute, they are conditional.

*Id.* at 773–74. According to *Booker*, the common law negligence standard engrafted upon the statute makes it necessary to determine whether a reasonably prudent person would have concluded *under the circumstances* that it was safe to turn without danger of a collision. The *Booker* court relied upon the supreme court's ruling in *Missouri-K-T R.R. Co. v. McFerrin*, 156 Tex. 69, 291 S.W.2d 931 (1956), refusing to impose negligence per se for violation of former article 6701d, section 86, which required motorists to stop and determine that no train was "in hazardous proximity" to a crossing before proceeding across the tracks. *Id.* at 936 ("We ... hold that whether a train was 'in hazardous proximity' to a crossing, so as to impose on an approaching motorist a duty to stop, must be determined by the court from the evidence of the facts and circumstances existing at the time the motorist was compelled to make a decision .... "); *see also Day v. McFarland*, 474 S.W.2d 946, 952–53 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.) (turning vehicle probably misjudged the distance or speed of the approaching car but "[s]uch mistakes of judgment fall far short of establishing want of ordinary care") (citing *Boaz v. White's Auto Stores*, 141 Tex. 366, 172 S.W.2d 481 (1943)).

Under the statute at issue here, Mr. Wommack was charged with a particularized duty to exercise due care in determining whether approaching vehicles constituted an immediate hazard before he turned; he was not charged with an absolute duty that required better judgment than that exercised by a reasonably prudent person. *See Booker*, 306 S.W.2d at 774. In *Madara v. Marshall*, 578 S.W.2d 787 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), the court upheld the jury's failure to find negligence when a vehicle turning left collided with an approaching car. *Id.* at 790. The court rejected the contention that the left-turning vehicle was negligent as a matter of law: "Based upon the circumstances presented by the evi-

---

1. Appellee contends that the Warings waived this point of error by failing to request in writing a negligence per se instruction. Because the rec-

ord indicates that such an instruction was orally requested, we conclude that error was preserved.

dence the jury could have concluded that a reasonably prudent person exercising ordinary care would have decided, as did the defendant, that he could clear the intersection without danger of colliding with the plaintiff's approaching vehicle." *Id.* The Warings, like the plaintiff in *Madara,* had the burden to prove that Mr. Wommack failed to act as a reasonably prudent person under the circumstances existing at the time of the accident. Although Mr. Wommack had an enhanced duty not only to maintain a proper lookout but also to observe the speed and distance of oncoming vehicles to determine if they constituted an immediate hazard before he began his turn, this duty was not absolute. Therefore, the Warings were not entitled to a negligence per se instruction. We overrule the third point of error.

### Reliability of Expert Testimony

■ By their second point of error, the Warings complain that the court erred in admitting the expert testimony offered by William Nalle, an accident reconstruction engineer. In *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549 (Tex.1995), this state adopted the test for admissibility of scientific expert testimony formulated by the U.S. Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).[2] *Robinson,* 923 S.W.2d at 556. Under Texas Rule of Civil Evidence 702, the trial court must determine that expert scientific testimony is reliable, as well as relevant, before permitting the jury to hear it. *Robinson* adopted from *Daubert* several factors to guide the trial court in assessing reliability of proffered testimony: (1) the extent to which the theory has been or can be tested; (2) the extent to which the technique relies upon the subjective interpretation of the expert; (3) whether the theory has been subjected to peer review and publication; (4) the technique's potential rate of error; (5) whether the underlying theory or technique has been generally accepted as valid by the relevant scientific community; and (6) the non-judicial uses that have been made of the theory or technique. *Id.* at 557. Accordingly, after the Warings objected that Nalle's testimony was "not based on [a] sufficiently reliable foundation," the court conducted a *Daubert* hearing outside the presence of the jury to review the methodology and qualifications of this expert. After reviewing the methodology and theory underlying the accident reconstruction, the trial court overruled the Warings' objection and admitted Nalle's testimony. We may not disturb that ruling absent a showing that the trial court abused its discretion. *Id.* at 558.

■ Mr. Nalle testified that he obtained a degree in mechanical engineering from the University of Texas in 1974. He received subsequent training in accident reconstruction at Northwestern University and various seminars and has been performing accident reconstructions since 1983. Mr. Nalle demonstrated his familiarity with the road on which the accident occurred, the physical evidence from the accident, photographs of the site, and the physical conditions of Mr. Wommack's automobile after the crash. Mr. Nalle performed two tests at the scene of the collision. He explained the laws of physics that support the tests he performed and referred to textbooks and literature that detail the theory of accident reconstruction. He explained the two tests he performed: a rolling test to determine the speed of a high-performance bike rolling down the precise hill in question, and a skidding test to determine braking capability. He noted that both tests have non-judicial uses. Using the results from these tests, together with the physical evidence from the accident, and applying the laws of physics, Mr. Nalle offered his conclusions regarding the location of the car and the bicycle, the turning arc of the car, the speed of the descending bicycle, the point of impact, and the reaction time of each driver to the impending collision.

This state has a long history of allowing qualified accident reconstruction experts to testify regarding the way in which an accident occurred. *See, e.g., Trailways, Inc. v.*

---

**2.** Before *Daubert* the court of criminal appeals had formulated an almost identical test for admissibility of novel scientific evidence under criminal rule 702 in this state. *See Kelly v. State,* 824 S.W.2d 568 (Tex.Crim.App.1992). We note that Texas Rule of Civil Evidence 702, Texas Rule of Criminal Evidence 702, and Federal Rule of Evidence 702 are identical.

*Clark,* 794 S.W.2d 479, 483 (Tex.App.—Corpus Christi 1990, writ denied); *DeLeon v. Louder,* 743 S.W.2d 357, 359 (Tex.App.—Amarillo 1987), *writ ref'd per curiam,* 754 S.W.2d 148 (Tex.1988); *Bolstad v. Egleson,* 326 S.W.2d 506, 519 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.).

Based on his calculations, Mr. Nalle opined that the Waring bicycle was 5.6 seconds away from the point of impact when Mr. Wommack began his turn. This suggests that Mr. Wommack may not have been negligent in beginning his turn when he did. Indeed, Mr. Nalle testified that both Mr. Waring and Mr. Wommack could have avoided this accident. The Warings challenge the assumptions used by the expert in arriving at his opinion, insisting they are based on subjective interpretations rather than on physical evidence. Mr. Nalle's opinions were not inconsistent with the facts reflected in the record. As the trial court noted, and as counsel for appellee points out on appeal, the Warings' complaint is more directed to the accuracy of the conclusions reached by Mr. Nalle than to his methodology or the theory underlying accident reconstruction or his qualifications to testify. In determining reliability, the trial court is to "focus solely on the validity of principles and methodology underlying the testimony, not the conclusions generated." *North Dallas Diagnostic Center v. Dewberry,* 900 S.W.2d 90, 95 (Tex.App.—Dallas 1995, writ denied) (anticipating *Robinson* by applying *Kelly* and *Daubert* in a civil trial). The accuracy of the conclusions reached by an expert whose theory and methodology are reliable may be challenged by cross-examination, as they were at this trial. We hold that the trial court did not err in overruling appellants' objection to the reliability of Mr. Nalle's testimony. We overrule point of error two.

### Challenge to the Jury's Failure to Find Negligence

In their first point of error, the Warings challenge both the legal and factual sufficien-cy of the evidence supporting the jury's failure to find that Mr. Wommack's negligence proximately caused Mr. Waring's injuries. We will address the sufficiency challenges simultaneously.

To prevail on a legal sufficiency challenge to the evidence supporting a jury's *failure to find* a particular issue, a party must show that no evidence supports the failure to find *and* that the evidence conclusively establishes the desired finding as a matter of law. *Sterner v. Marathon Oil,* 767 S.W.2d 686, 690 (Tex.1989); *Ramsey v. Lucky Stores, Inc.,* 853 S.W.2d 623, 632 (Tex. App.—Houston [1st Dist.] 1993, writ denied). We first examine only the evidence supporting the failure to find. If there is no evidence to support the failure to find, we then examine the record to determine whether it establishes the desired finding as a matter of law. *Sterner,* 767 S.W.2d at 690; *Ramsey,* 853 S.W.2d at 632.

A challenge to the factual sufficiency of the evidence requires the party with the burden of proof to establish that the non-finding is contrary to the great weight and preponderance of the evidence. *Cropper v. Caterpillar Tractor Co.,* 754 S.W.2d 646, 651 (Tex.1988); *Ramsey,* 853 S.W.2d at 632. The jury was not convinced by a preponderance of evidence that Mr. Wommack's negligence proximately caused Mr. Waring's injuries, and we are not entitled to reverse merely because we conclude that the evidence preponderates toward an affirmative answer. *See Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988). We will remand for a new trial only if we conclude that the failure to find is so contrary to the overwhelming weight of the evidence as to be manifestly unjust. *Cropper,* 754 S.W.2d at 651; *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

In asserting that Mr. Wommack's negligent failure to keep a proper lookout was established as a matter of law,[3] the

---

3. The Warings also assert that Wommack's negligence was established by the great weight and preponderance of the evidence. As just pointed out, the Warings must show the desired finding was established *as a matter of law* or that the

failure to find was *against* the great weight and preponderance of the evidence. A court of appeals' holding that a failure to find is against the great weight and preponderance of the evidence does not equal a holding that the contrary find-

Warings cite Wommack's testimony that nothing was obstructing his view; that the sun did not interfere with his ability to see; that he waited for the other motor vehicles to clear the intersection but never saw the bicycle before beginning his turn; and that he doesn't remember exactly where he was looking when he started his turn. Alternatively, they invoke Wommack's statutory duty, as the driver of a left-turning vehicle, to yield the right of way to a vehicle approaching from the opposite direction to establish negligence as a matter of law. *See* Tex. Transp. Code Ann. § 545.152 (West Supp.1997).

We first look at the evidence that supports the jury's refusal to find either party negligent. *See Sterner,* 767 S.W.2d at 690; *Ramsey,* 853 S.W.2d at 632. Two motorists were in line behind Mr. Wommack as he waited to turn left; both testified that he had his turn indicator on. The first witness was Stephanie Lake, who was riding a motorcycle. Ms. Lake testified that although she had a clear view of oncoming traffic, she did not see Mr. Waring on his bicycle until seconds before the collision. She testified that the sun impaired her visibility, and that Mr. Waring was wearing dark clothes that blended into the trees behind him as he descended the hill. Bonnie Alexander, the driver of the car waiting behind Ms. Lake's motorcycle, also testified that she believed the intersection was clear when Mr. Wommack began his turn, but that it was hard to see because the sun was shining brightly. By way of contrast, Mr. Wommack testified he could not remember whether the sun impaired his vision before the crash, but he did fail to see the approaching bicycle. Photographs of the accident scene support the inference that the bicyclist blended with the shadows and the dense background behind him. Although Mr. Waring complains on appeal that the photographs were never authenticated as accurately representing the lighting conditions on the day of the accident, no such objection was made at trial. *See* Tex.R.App. P. 52(a). The photographs were admitted for all purposes. Indeed, the Warings introduced their own photographs which had been substantially lightened to downplay the blending effect

of the lighting conditions. The investigating police officer admitted that, if the photographs in evidence accurately portrayed the lighting conditions on the day of the accident, it would have been difficult to observe the bicycle coming down the hill. William Nalle, an expert on accident reconstruction, testified that Mr. Waring had time to avoid this accident as he approached the intersection; indeed, Mr. Nalle testified that *both* parties could have avoided the accident. We conclude there was evidence supporting the jury's failure to find Mr. Wommack negligent.

■■ Nor does the evidence establish Wommack's negligence as a matter of law. Mr. Wommack's testimony that he failed to see the bicyclist and that the sun was not a factor do not conclusively establish that his negligence proximately caused the accident. Likewise, his testimony that he did not recall *where* he was looking at the time of the collision does not prove Wommack was not looking *at all.* It only establishes that two years after the event he does not remember where he was looking when he began his turn. Other evidence, such as his waiting for the vehicular traffic to clear the intersection, indicates that Mr. Wommack was keeping a proper look-out. Finally, we note that a violation of the left-turn statute depends on "whether or not a man of reasonable prudence in the position of the person approaching from the disfavored direction would reasonably have concluded that he could pass the intersection without danger of collision." *Booker,* 306 S.W.2d at 774. It is the duty of a left-turning driver to look for approaching vehicles and to estimate their speed and proximity to determine if they constitute an immediate hazard before commencing the turn. *Madara,* 578 S.W.2d at 790. However, if the driver turning left misjudges the speed of the approaching vehicle or its distance from the intersection, this does not necessarily establish a want of due care on the driver's part. *Id.* It remains the plaintiff's burden to establish that the defendant did not act as a reasonably prudent person

ing is established as a matter of law; it merely entitles the appellant to a remand for the jury to

redetermine the contested issue. *Cropper,* 754 S.W.2d at 652.

under the circumstances existing at the time of the collision. On the facts presented in this record, we hold that Mr. Wommack's negligence was not established as a matter of law.

Based on the foregoing discussion, we also conclude that the evidence was factually sufficient to support the jury's failure to find negligence. After reviewing the competing photographs and the competing testimony, the jury was the sole judge of the effect of the lighting conditions on Mr. Wommack's failure to see Mr. Waring as he approached the intersection from up the hill. A reasonable jury could have believed that, under shadowy lighting conditions, Mr. Waring and his bicycle blended into the dark background, or that the two cars ahead of his bicycle prevented Mr. Waring and Mr. Wommack from seeing each other, or that the bicyclist was in a better position to avoid the collision, or that Mr. Waring's speed was such that even a prudent driver might have misjudged the bicycle's proximity to the intersection. The jury's failure to find Mr. Wommack negligent was not against the great weight and preponderance of the evidence. We overrule the first point of error.

## CONCLUSION

The Warings had the burden to prove that, under the circumstances, Mr. Wommack did not act as a reasonably prudent person by failing to discern that the Waring bicycle constituted an immediate hazard to his turning when he did. The Warings were not entitled to a negligence per se jury instruction. The trial court did not err in rejecting the Warings' challenge to the reliability of the expert testimony on accident reconstruction. Finally, the evidence did not establish Mr. Wommack's negligence as a matter of law, nor was the jury's failure to find negligence against the great weight and preponderance of the evidence. Finding no error, we affirm the trial court's judgment.