TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00333-CV





Frederick Waring and Deborah Waring, Appellants



v.



Robert James Wommack, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 94-14173, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 





 Frederick and Deborah Waring appeal from a take-nothing judgment entered against them
in their suit to recover for serious personal injuries sustained by Frederick when his bicycle was struck by
an automobile driven by Robert Wommack. The jury failed to find negligence on the part of either party
to the accident. We will affirm the trial court's judgment.


BACKGROUND


 On September 23, 1993, Mr. Waring was riding his high-performance racing bicycle down
Red Bud Trail in West Lake Hills, just west of the city of Austin. Mr. Wommack was waiting in his car
to turn left onto Forest View Drive from Red Bud Trail. He waited for two cars coming down the hill to
pass and then began his turn, immediately striking the bicyclist, whom he had not seen. Mr. Waring was
seriously injured and remained in a coma for several days; he has no memory of the accident after the two
cars passed him going in his direction. Stephanie Lake was stopped on her motorcycle behind Mr.
Wommack as he waited for the oncoming traffic to clear before he turned left; Bonnie Alexander's
automobile was behind Ms. Lake's motorcycle. Neither of these two drivers saw the bicyclist before the
collision.

 In three points of error, the Warings insist the trial court erred by (1) failing to give a
negligence per se instruction to the jury, (2) improperly admitting testimony of an expert whose opinion was
based on mere speculation and conjecture, and (3) overruling their motion for judgment notwithstanding
the verdict and motion for new trial because Mr. Wommack's negligence was established as a matter of
law or, alternatively, by the great weight and preponderance of the evidence.


Negligence Per Se

 In their third point of error, the Warings complain that the trial court erred in refusing to give
a negligence per se instruction to the jury. (1) The Warings allege that Mr. Wommack violated his statutory
duty to yield to oncoming traffic while turning, and that such violation constituted negligence per se. See
Tex. Transp. Code Ann. § 545.152 (West Supp. 1997) (formerly Tex. Rev. Civ. Stat. Ann. art. 6701d,
§72). This is not the law in Texas. In Booker v. Baker, 306 S.W.2d 767 (Tex. Civ. App.--Dallas 1957,
writ ref'd n.r.e.), the court of civil appeals held that the jury's finding that the defendant driver had
misjudged the proximity of the oncoming car before turning left, in violation of former article 6701d, section
72, did not amount to a finding of negligence per se. The court found that the statute

come[s] within the class of statutes in which the common-law standard of the reasonably
prudent man must be used in determining as a matter of fact, not as a matter of law,
whether the conduct of a motorist is negligent. The duties imposed by these particular
statutes are not absolute, they are conditional.



Id. at 773-74. According to Booker, the common law negligence standard engrafted upon the statute
makes it necessary to determine whether a reasonably prudent person would have concluded under the
circumstances that it was safe to turn without danger of a collision. The Booker court relied upon the
supreme court's ruling in Missouri-K-T R.R. Co. v. McFerrin, 291 S.W.2d 931 (Tex. 1956), refusing to
impose negligence per se for violation of former article 6701d, section 86, which required motorists to stop
and determine that no train was "in hazardous proximity" to a crossing before proceeding across the tracks. 
Id. at 936 ("We . . . hold that whether a train was 'in hazardous proximity' to a crossing, so as to impose
on an approaching motorist a duty to stop, must be determined by the court from the evidence of the facts
and circumstances existing at the time the motorist was compelled to make a decision . . . ."); see also Day
v. McFarland, 474 S.W.2d 946, 952-53 (Tex. Civ. App.--Tyler 1971, writ ref'd n.r.e.) (turning vehicle
probably misjudged the distance or speed of the approaching car but "[s]uch mistakes of judgment fall far
short of establishing want of ordinary care") (citing Boaz v. White's Auto Stores, 172 S.W.2d 481 (Tex.
1943)).

 Under the statute at issue here, Mr. Wommack was charged with a particularized duty to
exercise due care in determining whether approaching vehicles constituted an immediate hazard before he
turned; he was not charged with an absolute duty that required better judgment than that exercised by a
reasonably prudent person. See Booker, 306 S.W.2d at 774. In Madara v. Marshall, 578 S.W.2d 787
(Tex. Civ. App.--Houston [1st Dist.] 1979, writ ref'd n.r.e.), the court upheld the jury's failure to find
negligence when a vehicle turning left collided with an approaching car. Id. at 790. The court rejected the
contention that the left-turning vehicle was negligent as a matter of law: "Based upon the circumstances
presented by the evidence the jury could have concluded that a reasonably prudent person exercising
ordinary care would have decided, as did the defendant, that he could clear the intersection without danger
of colliding with the plaintiff's approaching vehicle." Id. The Warings, like the plaintiff in Madara, had the
burden to prove that Mr. Wommack failed to act as a reasonably prudent person under the circumstances
existing at the time of the accident. Although Mr. Wommack had an enhanced duty not only to maintain
a proper lookout but also to observe the speed and distance of oncoming vehicles to determine if they
constituted an immediate hazard before he began his turn, this duty was not absolute. Therefore, the
Warings were not entitled to a negligence per se instruction. We overrule the third point of error.


Reliability of Expert Testimony

 By their second point of error, the Warings complain that the court erred in admitting the
expert testimony offered by William Nalle, an accident reconstruction engineer. In E.I. du Pont de
Nemours & Co. v. Robinson, 923 S.W.2d 549 (Tex. 1995), this state adopted the test for admissibility
of scientific expert testimony formulated by the U.S. Supreme Court in Daubert v. Merrell Dow
Pharmaceuticals, Inc., 509 U.S. 579 (1993). (2) Robinson, 923 S.W.2d at 556. Under Texas Rule of Civil
Evidence 702, the trial court must determine that expert scientific testimony is reliable, as well as relevant,
before permitting the jury to hear it. Robinson adopted from Daubert several factors to guide the trial court
in assessing reliability of proffered testimony: (1) the extent to which the theory has been or can be tested;
(2) the extent to which the technique relies upon the subjective interpretation of the expert; (3) whether the
theory has been subjected to peer review and publication; (4) the technique's potential rate of error; (5)
whether the underlying theory or technique has been generally accepted as valid by the relevant scientific
community; and (6) the non-judicial uses that have been made of the theory or technique. Id. at 557. 
Accordingly, after the Warings objected that Nalle's testimony was "not based on [a] sufficiently reliable
foundation," the court conducted a Daubert hearing outside the presence of the jury to review the
methodology and qualifications of this expert. After reviewing the methodology and theory underlying the
accident reconstruction, the trial court overruled the Warings' objection and admitted Nalle's testimony. 
We may not disturb that ruling absent a showing that the trial court abused its discretion. Id. at 558.

 Mr. Nalle testified that he obtained a degree in mechanical engineering from the University
of Texas in 1974. He received subsequent training in accident reconstruction at Northwestern University
and various seminars and has been performing accident reconstructions since 1983. Mr. Nalle
demonstrated his familiarity with the road on which the accident occurred, the physical evidence from the
accident, photographs of the site, and the physical conditions of Mr. Wommack's automobile after the crash. 
Mr. Nalle performed two tests at the scene of the collision. He explained the laws of physics that support
the tests he performed and referred to textbooks and literature that detail the theory of accident
reconstruction. He explained the two tests he performed: a rolling test to determine the speed of a high-performance bike rolling down the precise hill in question, and a skidding test to determine braking
capability. He noted that both tests have non-judicial uses. Using the results from these tests, together with
the physical evidence from the accident, and applying the laws of physics, Mr. Nalle offered his conclusions
regarding the location of the car and the bicycle, the turning arc of the car, the speed of the descending
bicycle, the point of impact, and the reaction time of each driver to the impending collision.

 This state has a long history of allowing qualified accident reconstruction experts to testify
regarding the way in which an accident occurred. See, e.g., Trailways, Inc. v. Clark, 794 S.W.2d 479,
483 (Tex. App.--Corpus Christi 1990, writ denied); DeLeon v. Louder, 743 S.W.2d 357, 359 (Tex.
App.--Amarillo 1987), writ ref'd per curiam, 754 S.W.2d 148 (Tex. 1987); Boldstad v. Egleson, 326
S.W.2d 506, 519 (Tex. Civ. App.--Houston 1959, writ ref'd n.r.e.).

 Based on his calculations, Mr. Nalle opined that the Waring bicycle was 5.6 seconds away
from the point of impact when Mr. Wommack began his turn. This suggests that Mr. Wommack may not
have been negligent in beginning his turn when he did. Indeed, Mr. Nalle testified that both Mr. Waring and
Mr. Wommack could have avoided this accident. The Warings challenge the assumptions used by the
expert in arriving at his opinion, insisting they are based on subjective interpretations rather than on physical
evidence. Mr. Nalle's opinions were not inconsistent with the facts reflected in the record. As the trial court
noted, and as counsel for appellee points out on appeal, the Warings' complaint is more directed to the
accuracy of the conclusions reached by Mr. Nalle than to his methodology or the theory underlying accident
reconstruction or his qualifications to testify. In determining reliability, the trial court is to "focus solely on
the validity of principles and methodology underlying the testimony, not the conclusions generated." North
Dallas Diagnostic Center v. Dewberry, 900 S.W.2d 90, 95 (Tex. App.--Dallas 1995, writ denied)
(anticipating Robinson by applying Kelly and Daubert in a civil trial). The accuracy of the conclusions
reached by an expert whose theory and methodology are reliable may be challenged by cross-examination,
as they were at this trial. We hold that the trial court did not err in overruling appellants' objection to the
reliability of Mr. Nalle's testimony. We overrule point of error two.


Challenge to the Jury's Failure to Find Negligence

 In their first point of error, the Warings challenge both the legal and factual sufficiency of the
evidence supporting the jury's failure to find that Mr. Wommack's negligence proximately caused Mr.
Waring's injuries. We will address the sufficiency challenges simultaneously.

 To prevail on a legal sufficiency challenge to the evidence supporting a jury's failure to find
a particular issue, a party must show that no evidence supports the failure to find and that the evidence
conclusively establishes the desired finding as a matter of law. Sterner v. Marathon Oil, 767 S.W.2d 686,
690 (Tex. 1989); Ramsey v. Lucky Stores, Inc., 853 S.W.2d 623, 632 (Tex. App.--Houston [1st Dist.]
1993, writ denied). We first examine only the evidence supporting the failure to find. If there is no evidence
to support the failure to find, we then examine the record to determine whether it establishes the desired
finding as a matter of law. Sterner, 767 S.W.2d at 690; Ramsey, 853 S.W.2d at 632.

 A challenge to the factual sufficiency of the evidence requires the party with the burden of
proof to establish that the non-finding is contrary to the great weight and preponderance of the evidence. 
Cropper v. Caterpillar Tractor Co., 754 S.W.2d 646, 651 (Tex. 1988); Ramsey, 853 S.W.2d at 632. 
The jury was not convinced by a preponderance of evidence that Mr. Wommack's negligence proximately
caused Mr. Waring's injuries, and we are not entitled to reverse merely because we conclude that the
evidence preponderates toward an affirmative answer. See Herbert v. Herbert, 754 S.W.2d 141, 144
(Tex. 1988). We will remand for a new trial only if we conclude that the failure to find is so contrary to the
overwhelming weight of the evidence as to be manifestly unjust. Cropper, 754 S.W.2d at 651; Cain v.
Bain, 709 S.W.2d 175,176 (Tex. 1986).

 In asserting that Mr. Wommack's negligent failure to keep a proper lookout was established
as a matter of law, (3) the Warings cite Wommack's testimony that nothing was obstructing his view; that the
sun did not interfere with his ability to see; that he waited for the other motor vehicles to clear the intersection
but never saw the bicycle before beginning his turn; and that he doesn't remember exactly where he was
looking when he started his turn. Alternatively, they invoke Wommack's statutory duty, as the driver of a
left-turning vehicle, to yield the right of way to a vehicle approaching from the opposite direction to establish
negligence as a matter of law. See Tex. Transp. Code Ann. § 545.152 (West Supp. 1997).

 We first look at the evidence that supports the jury's refusal to find either party negligent. 
See Sterner, 767 S.W.2d at 690; Ramsey, 853 S.W.2d at 632. Two motorists were in line behind Mr.
Wommack as he waited to turn left; both testified that he had his turn indicator on. The first witness was
Stephanie Lake, who was riding a motorcycle. Ms. Lake testified that although she had a clear view of
oncoming traffic, she did not see Mr. Waring on his bicycle until seconds before the collision. She testified
that the sun impaired her visibility, and that Mr. Waring was wearing dark clothes that blended into the trees
behind him as he descended the hill. Bonnie Alexander, the driver of the car waiting behind Ms. Lake's
motorcycle, also testified that she believed the intersection was clear when Mr. Wommack began his turn,
but that it was hard to see because the sun was shining brightly. By way of contrast, Mr. Wommack
testified he could not remember whether the sun impaired his vision before the crash, but he did fail to see
the approaching bicycle. Photographs of the accident scene support the inference that the bicyclist blended
with the shadows and the dense background behind him. Although Mr. Waring complains on appeal that
the photographs were never authenticated as accurately representing the lighting conditions on the day of
the accident, no such objection was made at trial. See Tex. R. App. P. 52(a). The photographs were
admitted for all purposes. Indeed, the Warings introduced their own photographs which had been
substantially lightened to downplay the blending effect of the lighting conditions. The investigating police
officer admitted that, if the photographs in evidence accurately portrayed the lighting conditions on the day
of the accident, it would have been difficult to observe the bicycle coming down the hill. William Nalle, an
expert on accident reconstruction, testified that Mr. Waring had time to avoid this accident as he
approached the intersection; indeed, Mr. Nalle testified that both parties could have avoided the accident. 
We conclude there was evidence supporting the jury's failure to find Mr. Wommack negligent.

 Nor does the evidence establish Wommack's negligence as a matter of law. Mr.
Wommack's testimony that he failed to see the bicyclist and that the sun was not a factor do not
conclusively establish that his negligence proximately caused the accident. Likewise, his testimony that he
did not recall where he was looking at the time of the collision does not prove Wommack was not looking
at all. It only establishes that two years after the event he does not remember where he was looking when
he began his turn. Other evidence, such as his waiting for the vehicular traffic to clear the intersection,
indicates that Mr. Wommack was keeping a proper look-out. Finally, we note that a violation of the left-turn statute depends on "whether or not a man of reasonable prudence in the position of the person
approaching from the disfavored direction would reasonably have concluded that he could pass the
intersection without danger of collision." Booker, 306 S.W.2d at 774. It is the duty of a left-turning driver
to look for approaching vehicles and to estimate their speed and proximity to determine if they constitute
an immediate hazard before commencing the turn. Madara, 578 S.W.2d at 790. However, if the driver
turning left misjudges the speed of the approaching vehicle or its distance from the intersection, this does
not necessarily establish a want of due care on the driver's part. Id. It remains the plaintiff's burden to
establish that the defendant did not act as a reasonably prudent person under the circumstances existing
at the time of the collision. On the facts presented in this record, we hold that Mr. Wommack's negligence
was not established as a matter of law.

 Based on the foregoing discussion, we also conclude that the evidence was factually
sufficient to support the jury's failure to find negligence. After reviewing the competing photographs and
the competing testimony, the jury was the sole judge of the effect of the lighting conditions on Mr.
Wommack's failure to see Mr. Waring as he approached the intersection from up the hill. A reasonable
jury could have believed that, under shadowy lighting conditions, Mr. Waring and his bicycle blended into
the dark background, or that the two cars ahead of his bicycle prevented Mr. Waring and Mr. Wommack
from seeing each other, or that the bicyclist was in a better position to avoid the collision, or that Mr.
Waring's speed was such that even a prudent driver might have misjudged the bicycle's proximity to the
intersection. The jury's failure to find Mr. Wommack negligent was not against the great weight and
preponderance of the evidence. We overrule the first point of error.


CONCLUSION


 The Warings had the burden to prove that, under the circumstances, Mr. Wommack did
not act as a reasonably prudent person by failing to discern that the Waring bicycle constituted an
immediate hazard to his turning when he did. The Warings were not entitled to a negligence per se jury
instruction. The trial court did not err in rejecting the Warings' challenge to the reliability of the expert
testimony on accident reconstruction. Finally, the evidence did not establish Mr. Wommack's negligence
as a matter of law, nor was the jury's failure to find negligence against the great weight and preponderance
of the evidence. Finding no error, we affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

Before: Justices Aboussie, Kidd and B. A. Smith

Affirmed

Filed: May 15, 1997

Publish
1. Appellee contends that the Warings waived this point of error by failing to request in writing a
negligence per se instruction. Because the record indicates that such an instruction was orally requested,
we conclude that error was preserved.
2. Before Daubert the court of criminal appeals had formulated an almost identical test for admissibility
of novel scientific evidence under criminal rule 702 in this state. See Kelly v. State, 824 S.W.2d 568 (Tex.
Crim. App. 1992). We note that Texas Rule of Civil Evidence 702, Texas Rule of Criminal Evidence 702,
and Federal Rule of Evidence 702 are identical.
3. The Warings also assert that Wommack's negligence was established by the great weight and
preponderance of the evidence. As just pointed out, the Warings must show the desired finding was
established as a matter of law or that the failure to find was against the great weight and preponderance
of the evidence. A court of appeals' holding that a failure to find is against the great weight and
preponderance of the evidence does not equal a holding that the contrary finding is established as a matter
of law; it merely entitles the appellant to a remand for the jury to redetermine the contested issue. Cropper,
754 S.W.2d at 652.



 all. It only establishes that two years after the event he does not remember where he was looking when
he began his turn. Other evidence, such as his waiting for the vehicular traffic to clear the intersection,
indicates that Mr. Wommack was keeping a proper look-out. Finally, we note that a violation of the left-turn statute depends on "whether or not a man of reasonable prudence in the position of the person
approaching from the disfavored direction would reasonably have concluded that he could pass the
intersection without danger of collision." Booker, 306 S.W.2d at 774. It is the duty of a left-turning driver
to look for approaching vehicles and to estimate their speed and proximity to determine if they constitute
an immediate hazard before commencing the turn. Madara, 578 S.W.2d at 790. However, if the driver
turning left misjudges the speed of the approaching vehicle or its distance from the intersection, this does
not necessarily establish a want of due care on the driver's part. Id. It remains the plaintiff's burden to
establish that the defendant did not act as a reasonably prudent person under the circumstances existing
at the time of the collision. On the facts presented in this record, we hold that